May Term,
1854.

FLETCHER
v.
MANSUR.

</div>

---

FLETCHER and Another *v.* MANSUR and Others.

The christian name of the grantee in a conveyance of land, was left blank by mistake. The grantee, after the delivery of the deed, for the purpose of defrauding his creditors, without the knowledge of his wife, filled the blank with her christian name.

*Held*, that the conveyance vested the title in the husband.

*Held*, also, that his title was not divested by filling the blank with the christian name of his wife.

A husband can not convey land directly to his wife without the intervention of a trustee.

A conveyance of land must be delivered, to pass the title.

Persons who are directly interested in the object of a bill should be made parties.

ERROR to the *Shelby* Circuit Court.

DAVISON, J.—*Mansur*, the complainant below, on the 23d of *November*, 1843, filed his bill in chancery against *Elijah Barratt*, Sr., and the following-named children and heirs of *Mary C. Barratt*, deceased, viz., *James Barratt*, *Elijah Barratt*, Jr., *Susan Barratt* and *Lydia Barratt;* the said *Mary C. Barratt*, at her death, being the wife of *Elijah Barratt*, Sr. On the 20th of *March*, 1848, the complainant filed a supplemental bill, whereby he made *Fletcher* and *Butler* parties to the suit. *Elijah Barratt*, Sr., failed to appear, and a default was entered against him.

<div style="text-align:right">

*Monday,*
*June* 12.

</div>

The said children and heirs, being minors, appeared and answered by their guardian. *Fletcher* and *Butler* filed their answer to the original and supplemental bills.

The material facts presented by the record are these:

In *March*, 1838, *Elijah Barratt*, Sr., purchased of one *Isaac Wood* a tract of land in *Shelby* county, for 2,000 dollars, 1,000 dollars of which was to be paid on the 1st of *October*, 1839, when the grantee was to receive a deed for the premises. *Wood* was a resident of *Rush* county, and some days prior to the last-named period, he went before a justice of that county and executed a deed for land. Being ignorant of *Barratt's* first name, the deed was made to him by his surname alone, leaving a blank for his christian name, which the grantor intended to insert in the deed before he delivered it. *Wood* delivered the deed to the grantee, intending thereby to vest in him the legal title to the premises, but through neglect omitted the insertion of the grantee's christian name. After the delivery, *Barratt*, with an intent to defraud subsequent creditors, filled up the blank left in the deed with the christian name of his wife, thereby making it purport to convey the land therein described to the said *Mary C. Barratt*. *Elijah Barratt*, Sr., on the 31st of *July*, 1841, mortgaged the premises in question to *James Fassett & Co.*, of *Philadelphia*, to secure the payment of 1,506 dollars. This mortgage was duly recorded. At the *February* term, 1843, *Wood* obtained a decree in the *Shelby* Circuit Court, directing the sale of the land for the payment of 728 dollars, a balance of the purchase-money then unpaid. *Mansur*, at the same term, recovered a judgment against *Barratt* for 207 dollars, upon a note given by him in *February*, 1840.

The object of the original bill in this case was to subject said land to the payment of *Mansur's* judgment. About the 1st of *October*, 1844, *Fassett & Co.* placed their mortgage in the hands of *Fletcher* and *Butler*, attorneys, for collection, upon which suit was commenced in the Circuit Court of the *United States* for the district of *Indiana*. On the 20th of *February*, 1845, the premises were offered for sale on *Wood's* decree, and then sold to *Fletcher* and *Butler* for

May Term,
1854.

FLETCHER
v.
MANSUR.

1,205 dollars. They paid into the hands of the sheriff 876 dollars, the amount of the decree and costs, which left a balance undisposed of, and in their hands, of 328 dollars. The complainant, by his supplemental bill, claims this balance, to be applied in payment of his judgment, and prays a decree against *Fletcher* and *Butler*, directing them to pay it over for that purpose. It was shown that at the time of the sale on *Wood's* decree, *Fletcher* and *Butler* had notice of *Mansur's* original bill, and that he intended to claim any overplus that might remain from the sale of the land on said decree, after it was fully satisfied. But it appears that prior to the filing of the supplemental bill, viz., on the 20th of *February*, 1845, *Fletcher* and *Butler*, pursuant to an agreement between them and *Barratt*, settled said overplus of 328 dollars, by giving him a credit on the mortgage of *James Fassett & Co.*, then in their hands for collection. *Fassett & Co.* were not made parties to the suit, nor does it appear that the deed from *Wood* was ever delivered to *Mary C. Barratt*, or that she was ever aware of being the grantee of the land.

Upon a final hearing, the Circuit Court rendered a decree against *Fletcher* and *Butler*, in accordance with the prayer of the supplemental bill.

The record presents this question: Had *Barratt*, at the time he executed the mortgage to *James Fassett & Co.*, a mortgageable interest in the premises? If he had, then that firm was entitled to the 328 dollars, and it was properly applied as a payment on the mortgage.

The deed was delivered by the grantor to *Barratt*, with the intention of vesting in him the legal title, and no doubt that was its effect. Though the deed wanted his christian name, and on that account might be considered ambiguous, still that was an ambiguity that could have been supplied by proof *aliunde*. The title thus being in *Barratt*, as grantee, could not be divested by the mere insertion of the christian name of his wife in the blank left by the grantor. That insertion, in our opinion, was a void act, and conveyed to her no title. A husband can not convey lands

May Term,
1854.

directly to his wife, without the intervention of a trustee. 2 Kent's Comm. 106.

Besides, it is evident the deed never was delivered to *Mary C. Barratt*, nor under her control. Without such delivery, she could acquire no title to the premises. 2 Ind. R. 562. *Elijah Barratt* was, therefore, the absolute owner of the land. He had a perfect right to execute the mortgage to *Fassett & Co.* It constituted a specific lien on the premises prior to *Mansur's* judgment. It follows that the mortgagees were entitled to the overplus of 328 dollars.

This view of the case shows the decree to be erroneous upon another ground. *James Fassett & Co.* should have been made parties to the suit. Unquestionably, the members of that firm had a direct interest in the object of the bill. A proper decision of the cause could not, therefore, be made, without affording them an opportunity to appear and vindicate their rights. Story's Eq. Pl., ss. 73, 83, 86, 236, 237.—R. S. 1843, p. 833.

*Per Curiam.*—The decree is reversed, with instructions to the Circuit Court to dismiss the bill.

*H. C. Newcomb*, for the plaintiffs.

*J. Morrison* and *S. Major*, for the defendants.