THORN AND WIFE *v.* INGRAM, *ad.*

A widow has no right of dower in lands purchased and occupied by her husband, for which a deed of conveyance was executed and delivered in the life-time of the husband, where the purchase money remains unpaid, as against the equitable lien of the vendor.

The *5th section of chapter 60, Title "Dower," Digest of Arkansas,* does not qualify, but substantially asserts the principle that the widow is not entitled to dower against the equitable lien of her husband's vendor.

Upon a sale of the lands of an intestate by his administrator, the execution and acknowledgment of a deed, with its delivery, are sufficient to convey the title, where the clause of conveyance *ad testatum* describe the grantor as administrator, though the signature and acknowledgment omit the description.

The sale of an intestate's land by the administrator, made under the order of the probate court, and reported to and confirmed by it, conveys the title, though the proceedings be irregular. *13 Ark., 177; 19 Ark., 499.*

This court will consider no objections to a decree affecting the interest of parties who have not taken an appeal.

On a bill against an administrator, to enforce a vendor's lien for the purchase money, the decree for the unpaid purchase money should be against him in his representative capacity, not in his individual character.

*Appeal from Jefferson Circuit Court in Chancery.*

Hon. WM. M. HARRISON, Circuit Judge.

BELL & CARLETON, for the appellants.

The *5th section of chapter 60, Dig.*, under the head of "Dower," was intended to give the wife dower in all lands the husband may die seized and possessed of, except lands purchased during coverture and that were *mortgaged for the purchase money;* for it was, at the time that section was passed, well settled, that a wife could not take dower as against a lien for the purchase money. *Mackieth v. Simmons, White & Tudor's Lead. Cas. in Equity, 247.*

As the bill shows that Scott and George Bayne got an absolute deed for the lands, this equitable lien can not, on their death, be enforced against the creditors of their estate. *Bayley v. Greenlief, 7 Wheat, 46, 50.*

CLARK, WILLIAMS & MARTIN, also for appellants.

The first objection we make is, that the decree is against the *defendants* below, for the amount of the purchase money. It is clear that no decree could be entered, except for the sale of the lands, and against Thorn, *as administrator.*

It is clear that the proceedings in the probate court, to obtain an order of sale of the lands, were irregular; and that the administrator, on making the sale, did not comply with the order of the court.

No title passed to the purchaser because the deed, as exhibited, was not executed and acknowledged by the administrator, as such—the execution, &c., being in his individual character.

The bill fails to allege any authentication of the claim against the estate of Thorn's intestate. *Secs. 107–8, ch. 4, Dig.; 14 Ark., 237; 21 id., 519.*

CLENDENIN, J.

This was a bill in equity, brought by the appellee, against the appellant and the heirs of G. W. and Scott Bayne, to enforce a vendor's lien.

We learn from the record in this case, that, prior to the year 1859, T. F. Ingram was the owner of lands in Jefferson county; that he died intestate, and that administration of his estate was granted to B. F. Ingram, who, in the course of his administration, applied to and obtained from the probate court an order to sell the lands of his intestate; that, in pursuance of the order, he sold 720 acres of the land to G. W. and Scott Bayne, for the sum of $6,000, who paid $2,000 in cash, and executed their two promissory notes for $2,000 each, payable at one and two years, with 10 per cent. interest; that the administrator then executed and delivered a deed to the purchasers, and reported his proceedings to the probate court, where they were approved; that the said G. W. and S. Bayne and the said B. F. Ingram then died, and that Alexander H. Ingram, the complainant in the bill, was appointed administrator *de bonis non* of T. F. Ingram; that, at the time of the purchase of the lands, G. W. and Scott Bayne took possession of them, and continued in possession until their death, and that the widow of G. W. Bayne, and his children, continued in possession until the intermarriage of the widow with R. H. Thorn, the administrator *de bonis non* of G. W. and Scott Bayne, and that the said Thorn and wife, and children of G. W. Bayne, are still in possession; that the complainant, as administrator,

&c., found the said notes, with other effects of his intestate, and that they have never been paid, nor was any other security taken, and that he has an equitable lien on the lands for the payment of the notes. The proper exhibits are referred to, and attached to the bill.

Richard Thorn, in his own right, and as administrator of G. W. and Scott Bayne, Elizabeth Thorn, and the children of G. W. Bayne, and the non-resident heirs of Scott Bayne, are made defendants to the bill, and are served with process.

Thorn and wife answer the bill, and admit the purchase of the land, as charged, by G. W. and S. Bayne; the execution of the notes for the unpaid part of the purchase money; that Thorn is the administrator *de bonis non* of G. W. and Scott Bayne, and that G. W. and Scott Bayne died in possession of the lands; that Elizabeth Thorn, now the wife of Roland Thorn, was the widow of G. W. Bayne, and as such was entitled to dower in all lands of which said G. W. Bayne died seized and possessed. They deny the right of complainant to enforce an equitable lien for the unpaid purchase money on said lands, to the exclusion of the dower right of Mrs. Thorn, and demur to the bill for want of equity upon its face, and because the complainant endeavors to obtain a decree for the sale of the said lands to the exclusion of the dower right of the said Elizabeth Thorn.

A guardian, *ad litem*, was regularly appointed for the minor heirs of G. W. Bayne, who filed his answer. The non-resident defendants, heirs of Scott Bayne, interposed no defense. Replications were filed to the answers, and the cause set for hearing. At the hearing upon the bill, answers, replications and exhibits, the court rendered a decree for the complainant, *pro confesso*, against the non-resident defendants, and against the other defendants, finding the amount due and giving judgment against "the defendants" for the amount of the notes and interest and costs, and that unless by a day named in the decree, the amount found due was paid, the lands should be sold; and a special commission was appointed to sell the lands

for cash, to pay the amount decreed, and to hold the remainder for use of defendants, subject to the order of the court. From this decree, Thorn and wife appealed.

The first question presented for our consideration by the answer and demurrer, and by the assignment of errors, is, has the widow a right of dower in lands purchased and occupied by her husband, for which a deed of conveyance has been executed and delivered, where the purchase money remains unpaid?

It is now the well settled law that the vendor of land has in equity a lien for the purchase money, not only against the vendee himself and his heirs and other privies in estate, but also against all subsequent purchasers having notice that the purchase money remains unpaid, though there is no special agreement that there shall be a lien upon the land for the purchase money, and notwithstanding the vendor conveys the land by deed, and takes the note or bond of the vendee for the purchase money. *14 Ark., 634; 18 Ark., 142.*

Section 1, chapter 60, *Title,* "*Dower,*" *Digest of Arkansas,* declares that "a widow shall be endowed of a third part of the land whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form." According to the statements of the bill in this case, the husband's estate in the land was subject to the equitable lien of the vendor, for the unpaid purchase money, and he did not have such an estate of inheritance in the land as would entitle the widow to dower. The land was subject to the lien of the vendor while in the hands of the purchaser, his heirs and other privies, and although a deed was executed and delivered, and the husband was the personal owner of the land, yet he was not, so far as the vendor was concerned, the substantial owner; because, until the land was paid for, there was an existing equity to which the land was subject, and while that equity continued, the widow could not be endowed. The lien of the vendor is a kind of equitable mortgage, inherent in the contract of sale,

and qualifying the ownership of the vendee, whether that ownership be legal or merely equitable. It is paramount to the right of the vendee, and of all succeeding to his interests, in the whole or in part, by operation of law. In equity, the vendee is not the owner, adversely to the lien of the vendor, but is treated as a trustee for him, until payment of the purchase money.

In a case, upon a point similar to the one now before us, the court of appeals of Virginia, say: "A wife's right of dower is an emanation from the ownership of her husband, and subject to all its qualifications—though not to his alienations or incumbrances during the coverture, without her consent, declared in the mode prescribed by law. Her right is dependent upon his, as existing at the inception of the coverture, or as acquired by him during its continuance. If he mortgage his land before marriage, her claim to dower is subordinate to the mortgage, and, if that be foreclosed, is completely divested. So if she unite with the requisite solemnity in his mortgage, made after the marriage, the effect of a foreclosure is the same. If, during the coverture, he purchase mortgaged land, her title, like his, is subject to the incumbrance, and the foreclosure of it destroys both. The result is the same where an incumbrance is created by the very act of purchasing; for if the purchase money be unpaid, and not secured, an equitable mortgage is embodied in the transaction itself, and if that be foreclosed by a sale of the property, under the decree of a court of equity, the wife's right of dower is completely extinguished." 2 Robinson's Va. Rep., 405. See, also, 1 Devereux, 195; 2 Bland, 242; 3 Paige, 513; 1 B. Monroe, 257.

It is urged by the appellants' counsel that, admitting the law to be as we hold it, yet by virtue of the 5th section, chapter 60, Title, "Dower," Digest of Ark., the widow's right to dower in the land, in this case referred to, is asserted and enforced by the statute. We can not agree to the construction given by the counsel, and think that the section of the law referred to, so far from qualifying the law as we have decided it, substan-

tially asserts the same principle. The section of the law referred to, is: "Where a husband shall purchase land during coverture, and shall mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands, as against the mortgagee, or those claiming under him, although she shall not have united in such mortgage; but she shall be entitled to dower as against all other persons."

It is urged by the counsel for the appellants, that the deed referred to in the bill, and exhibited with it, conveyed no estate, because, it is not signed or acknowledged by the grantor in his representative character as administrator. The averment in the bill is that: "The said Benjamin F. Ingram, as administrator, as aforesaid, executed and delivered to the said G. W. and Scott Bayne, a fee simple deed to the above described lands." The deed exhibited, after the proper recitals, says: "Therefore, I, Benjamin F. Ingram, as the administrator of the estate of Thomas F. Ingram, deceased, do hereby convey," &c., and the attestation is: "In testimony, I, Benjamin F. Ingram, as the administrator of T. F. Ingram, deceased, have hereunto set my hand and seal," &c., and is signed, "B. F. Ingram, [seal.]"

This execution and acknowledgment of the deed, with its delivery, we think, was sufficient to convey, and did convey, the title to the land to the purchasers.

Another objection urged to the decree is, that the sale of the land made by the administrator did not agree with the order of the probate court. This objection we do not consider as affecting the decree. The order of sale was made by the probate court, and after the sale it was reported and confirmed. This court has heretofore decided that the sale of the real estate of a deceased person, made under the order of the probate court, conveys a legal title, though the proceedings may have been irregular, such court having competent jurisdiction of the subject-matter. *Bennett, et al., v. Owens, et al., 13 Ark., 177; Jacoway v. Sturdy, 19 Ark., 499.*

Again, it is argued for the appellants, that the court below erred in granting a decree against the infant defendants upon the bill, answers and exhibits, without other proof to sustain the allegations of the bill. This objection we cannot consider, as the defendants, whom the decree in that respect affects, are not before us, no appeal having been taken by their *guardian, ad litem*, who was no doubt satisfied with the decree. *Ringgold v. Stone, et al., 20 Ark., 225.*

Another objection taken against the decree, is, that the judgment for the amount of the notes and interest, given for the land, is against "the defendants." This objection, we think, is well taken. The judgment in the decree for the amount of the notes and interest, clearly, should not be against Roland H. Thorn, in his individual character, or against the infant heirs of Geo. W. Bayne, or the heirs of Scott Bayne, all of whom are defendants to the bill, but should have been rendered against Roland H. Thorn, in his representative character as administrator *de bonis non* of G. W. and Scott Bayne, in which character he is made a defendant. And, for this error, so much of the decree as renders judgment against the defendants for the amount of the notes and interest, must be reversed, and a decree must be rendered in this court against Roland H. Thorn, as administrator *de bonis non* of the estate of G. W. and Scott Bayne, in favor of the complainant, for the amount of the notes and interest, and will be certified to the circuit court; and the residue of the decree in this case will be affirmed. The costs of the appeal in this court will be adjudged against the appellee, and the costs of the case in the court below will be against the appellants, and the circuit court in chancery will proceed to take such steps as will be necessary to carry this decree into effect.