## PERCIFULL AND WIFE v. PLATT.

1. EXHIBITS: *No part of pleading in ejectment.*

Exhibits, though part of the record, form no part of the *pleadings* in an action of ejectment and can not be made so by any prayer for the purpose. It is only instruments that are the *foundation* of actions that by statute, are part of the pleadings.

2. PARTIES: EJECTMENT: *Equitable title not sufficient to maintain.*

The statutory requirement that the action be in the name of the real parties, simply abolishes the English fiction in ejectment, and does not change the nature of the title or right necessary to support the action. An equitable title will not support it unless there is a *legal* right to the *possession.*

3. PARTNERSHIP: *Conveyances to: Title.*

A partnership as such, can not, at law, be the grantee in a deed. If title be made to all the partners by name they hold as tenants in common without survivorship. If to a firm name which expresses the name of only one partner with the addition of "& Co.," it vests in him alone. If to a partnership name which expresses the name of no party it vests in no one. So also where a deed is to one already dead.

4. EJECTMENT: *After-acquired title.*

A title acquired after the commencement of an action of ejectment will not support the action.

5. PRACTICE: *Speaking demurrer.*

A speaking demurrer should be overruled as such.

APPEAL from *Lonoke* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Clark & Williams* for appellant:

The case was, really, heard and determined as if upon demurrer. There was a demurrer to the answer, otherwise disposed of. The case turned on the same question of law, made by demurrer. There was no disputed question of fact, and no motion for a new trial was necessary. See *Bank v. Conway*, 13 *Ark.*, 344; *Jordan v. Poster*, 11 *Ark.*, 139; *Duggins v. Watson*, 15 *Ark.*, 118; also 21 *Ark.*, 57; 16 *ib.*, 309; 18 *Ark.*, 384.

A deed of trust does not come under the rigid rule, as to registration, laid down for mortgages in *Swain v. Alexander*, 11 *Ark.*, 112. The registry act, as there construed, is in derogation of natural equity and not to be extended. This case comes within *Engers v. Byers*, 16 *Ark.*, 543. It is sufficient if the deed of trust be recorded before the sale.

Appellant contends that Tucker was not debarred, by interest, from taking the acknowledgment of Percifull and wife.

*Blackwood & Williams*, for appellee:

Appeal should be dismissed for want of a motion for a new trial. *Steck v. Malcox*, 26 *Ark.*, 536; *Merriweather v. Erwin*, 27 *ib.*, 37.

The trust deed was in effect a mortgage. *Turner v. Watkins et al.*, 31 *Ark.*, 436; 2 *Jones on Mortgages*, sec. 1769; *Hannah v. Carrington*, 18 *Ark.*, 105; *Law Register* 1863, *vol.* 2, *p.* 640; as is every instrument intended to secure the payment of money. 2 *Sumner*, 533; *Story's Eq.*, sec. 1017; 20 *Ohio*, 469; *ib.*, 572; 2 *Devason*, 555; *Eaton v. Whithers*, 3 *Pick.*, 484; *Bloom v. Rensalaer*, 15 *Ill.*, 505; 2 *Wash. on Real Prop.*, 4th ed., *p.* 42; 19 *Ohio*, 212; 17 *Iowa*, 536. See, especially, argument of Judge Dillon, 11 *Am. Law Reg.*, 641, 658; 12 *Iowa*, 387; 17 *Iowa*, 536; 12 *Iowa*, 387; 23 *Cal.*, 570; 4 *Ala.*, 469; 6 *McLean*, 340.

The acknowledgment was null, on account of Tucker's interest. *Wilson v. Train*, 20 *Iowa*, 233; *Beaman v. Whitney*, 20 *Me.*, 413; *Whithers v. Baird*, 7 *Watts* (*Pa.*), 227; *Grossbeck v. Seeley*, 13 *Mich.*, 345; *Stephens v. Hampton*, 46 *Mo.*, 408; 3 *Wash. Real Prop.*, 4th ed., *p.* 314; 13 *Ired.* (*N. C.*), 452.

The acknowledgment of the trust-deed is otherwise defective to pass title of a married woman. See *Little, Trustee, v. Dodge*, 32 *Ark.*, 460. There can be no valid recording without an acknowledgment, to affect third parties. *Main v. Alexander*, 9 *Ark.*, 112; *Jacoway v. Gault*, 20 *Ark.*, 190; *Haskell v. Sevier*, 25 *Ark.*, 15; *Hannah v. Carrington*, 18 *Ark.*, 105; *Simpson v. Montgomery*, 25 *Ark.*, 369; 24 *Miss.*, 517; 5 *Yerger*, 205; 13 *Ohio*, 148; 14 *ib.*, 428; 16 *ib.*, 583; 12 *Iowa*, 389; 17 *Iowa*, 389; 1 *Hilliard on Mort.*, 174, 619, 663.

The lien of the judgment is superior to that acquired by the second acknowledgment. See *Pindal et al. v. Trevol & Colgate*, 30 *Ark.*, 271; *Lawson v. Jordan*, 19 *Ark.*, 297; *Fitzgerald v. Beebee*, 7 *Ark.*, 310. See also 12 *Ark.*, 428; 15 *ib.*, 73; *Gantt's Digest, secs.*, 3604-5.

### STATEMENT.

EAKIN, J. This suit was begun on the twenty-seventh of March, 1877, by the appearance of defendants, without summons.

Platt sued Percifull and wife in ejectment, stating, in his complaint, that he is the sole surviving partner of the firm of George F. Lovejoy & Co., and, " as such," is the owner, and entitled to the possession of the lands sued for, which are described. He says the lands were purchased by said firm at an execution sale, made by the sheriff of Arkansas county. Without further particulars, he refers to the sheriff's deed " hereto attached and made part hereof." The

complaint then closes with an allegation that defendants hold possession against plaintiff, without right, and a prayer for possession and damages.

Defendants, in their answer, denied no *fact* of the complaint, but denied complainant's right to the ownership. They set up, as new matter, that before the sale under execution, the defendant, John H., on the ninth of April, 1874, conveyed the lands to Josephus Tucker, in trust, to secure a debt of $1,851.34, due from him to Celia A. Percifull for borrowed money. The trust-deed is filed and "made part of this answer." They say there was default in payment, and the trustee, in pursuance of the powers vested in him by the deed, sold the lands and conveyed them to said Celia on the eighteenth day of March, 1876. This deed is also exhibited and "made part of this answer." It is then alleged that said Celia, on the ninth day of May, 1876, sold and conveyed said lands to defendant, Catherine E. Percifull, for $1,851.30, the deed for which is also exhibited and "made part hereof."

The plaintiff demurred to this answer, because, he says, his lien on the lands attached on the ninth day of March, 1875, "the date of *plaintiff's* judgment" against John H. Percifull, in support of which he refers to the recitals in the sheriff's deed, exhibited; from which it would further appear that execution issued on the twenty-seventh of April, 1875, and was levied upon the lands the same day. Whereas, the demurrer goes on to say, the trust-deed set up in the answer, as appears by reference to the exhibit, was not acknowledged or recorded until the second day of June, 1875.

A second ground of demurrer was, that the lands set up in the answer did not embrace all the tracts claimed by the complaint.

Another was, that the trust-deed shows that *Josephus*

*Tucker* was the trustee, whilst the exhibits show that the conveyance was made to Celia A., by William E. Stewart, as trustee, without any showing of a proper substitution.

On a subsequent day, plaintiff was allowed to amend his complaint by " attaching exhibit B thereto ;" which exhibit contained, as appears from the transcript, a copy of the judgment and proceedings thereon, under which the plaintiff claimed.

The demurrer was then taken under advisement until next term, when defendant was allowed to amend his answer by filing another exhibit " as a part of the record in this case." This exhibit appears to have been another copy of the trust-deed, with an acknowledgment of the same, taken before *Josephus Tucker*, on the ninth of April, 1874. There is appended to it an agreement, signed by counsel, that it may be taken " as part of the record, as an exhibit" to the answer. To this amended answer, as it is called, there was a demurrer, in short, entered upon the record.

Afterwards, plaintiff, by leave, amended his complaint, and stated, that on the fourth day of April, 1876, and before Lovejoy's death, he bought from him all his interest in and to the judgment, under which he now claims to hold the land in controversy, and that said firm was composed of himself and Lovejoy alone, and that he is now the only party in interest. He attaches the assignment, and makes it part of his amendment. Also, prays that the administrator of Lovejoy be made a party plaintiff.

The court then ruled upon the demurrer, holding that it reached back to the complaint, which was insufficient. At the same time, upon petition of Lovejoy's administrator, he was made a party plaintiff, and the cause continued.

The case thus rested until the twentieth of March, 1879, when plaintiff amended his complaint by filing another

exhibit, which, it appears from papers copied in the transcript, was a copy of a deed executed to plaintiff by Lovejoy's administrator on the eighteenth day of September, 1878, and which purports to have been made under orders of the probate court.

Next day the parties filed in court an agreed statement of facts, and the cause was submitted " for final hearing and decree, upon the complaint, answer, exhibit and agreed statement."

The judgment rendered next day recites " that the cause had been submitted to the court sitting as a jury." There was a finding for the plaintiff, and it was considered that he recover the lands described in the complaint, with costs, and that he have a writ of possession and execution. Defendant made a bill of all exceptions " taken during the trial," which was signed and made part of the record, but there was no motion for a new trial.

An appeal was granted by the clerk of this court.

### OPINION.

As there was no motion for a new trial, we can only notice such errors as did not require such a motion for their correction. These have been well defined by this court, in a very carefully prepared opinion by Mr. Justice WALKER, in *Badgett v. Jordan, 32 Ark., 154.* An error of law in the rendition of a judgment, perceptible from the record, without any reference to the proceedings on the trial, as shown by the bill of exceptions, does not require a motion for a new trial. Disregarding the bill of exceptions, wholly, as bringing nothing before us except such matters as affected any trial of facts which may have been necessary, we will, in the absence of a motion for a new trial, confine our view to questions of law arising on the pleadings, judgments, and other parts of the record, save the bill of exceptions.

**1. Exhibits Are no part of the pleadings in ejectment.**   The exhibits form no part of the pleadings in the action of ejectment, and can not be made so by any prayer for the purpose. Nothing not properly so, can, in an ordinary common law case, be made matter of record, otherwise than by bill of exceptions. The old practice by *oyer* is abolished, and superseded by statutory provisions, which require certain documents, the foundations of actions, to be filed with the pleadings, *as part* thereof. This does not extend to exhibits generally. In proceedings for the recovery of lands, the evidences of title required to be filed on both parts, are simply treated as evidence, and not as parts of the pleading. They can not be made substitutes for pleadings, as the act specially requires the plaintiff, besides filing copies, to *set forth in his complaint all deeds and other written evidence of title on which he relies*, and to *state such facts* as shall show a *prima facie* title in himself. And so with regard to defendant setting up title in his answer. In equity cases, different rules prevail as to the record, growing out of the history of the chancery courts (*1 Acts of 1875, p. 229*), and this court has so far assimilated the *statutory* proceeding, by ejectment, to a chancery proceeding, as to consider exhibits of title as parts of the *record*, though not of the *pleadings*. See *Jacks v. Chaffin, 34 Ark., 534.*

The question narrows down to this: Do the pleadings and proceedings of record show error in the rendition of the judgment?

**2. Ejectment: Necessary parties.**   The action of ejectment must now be brought in the names of the real parties. (*Gantt's Digest, sec. 2250*). The effect of this is simply to abolish the English fiction. It does not change the nature of the title, or right, necessary to support the action.

**Equitable title will not maintain.**   The general rule in all the states which have preserved the distinction between proceedings at law and in equity,

is, that a mere equitable title will not sustain an action of ejectment; or, as now called, an action at law for the recovery of lands. Mr. Tyler, in his treatise on the subject, announces the rule to be (*p. 75*) that: "It is usually indispensable to the plaintiff's right to recover in the action, that he establish in himself a legal title to the premises, at the time of the commencement of the action." He cites numerous authorities, and it is unquestionably the common law doctrine. He adds that the plaintiff "can not support the action upon an equitable title, however clear and indisputable it may be, but must seek his remedy in chancery." He must, also, at the time of the action, be entitled to the possession.

As courts of law have come gradually to recognize and enforce some rights originating in equity jurisprudence, the class of cases in which ejectment will lie, has had a limited extension. The same effect has also been produced by legislation, but in neither case is the general rule impaired. The exceptions are well defined and easily understood. For instance, courts of law, as well as courts of equity, now consider mortgages and deeds of trust to secure specific debts as mere securities, although the legal title, strictly considered, passes out of the mortgagor or grantor. Yet, as against all the world, save the mortgagee or trustee, courts of law, as well as courts of equity, have come to recognize in the mortgagor and grantor a sort of legal right to the possession, upon which ejectment will lie. In other words, where one, having legal title, executes an instrument which, though formally passing the legal title, has only the effect of creating a security, the law will not allow a stranger to set that up in defense of the action. So, too, an administrator may maintain the action when necessary to the payment of debts, although the title really descends to the heirs. This is by virtue of his statutory

right to the possession in such cases. And so, also, the action may be maintained upon certificates of entry in the United States land offices, pre-emptions and improvements on the public lands. These, by special statutes. (*Gantt's Digest, sec. 2254*). As now settled, the action may be maintained upon a *legal* right to the possession; that is, a right recognized by statute, or courts of law. *Gaither et al. v. Lawson, 31 Ark., 279.*

This is but a slight, if any, real qualification, of the general rule, and does not authorize the action upon a mere equitable right, where the plaintiff never had legal title, except in the cases provided by statute.

3.PARTNER-
SHIP:
Convey-
ances to.
Title.

A partnership, as such, can not, at law, be the grantee in a deed, or hold real estate. The legal title must vest in some *person*, and a partnership is not a corporation. If the title be made to all the partners by name, they hold the legal title as tenants in common, without survivorship. If to one partner alone, the whole legal title vests in him, which is the case, also, where the title is to a partnership name, which, as in this case, expresses the name of one party only, with the addition of "& Co." If the deed be to a name adopted as the firm style, which includes the name of no party, it passes nothing in law. The same occurs where the deed is to one already dead.

Different rules prevail in equity, which considers the real purposes of the acquisition, and, by the machinery of trusts, converts real estate, held for partnership purposes, into personalty, so far as may be necessary to settle all the equities between the firm and its creditors, and between the partners themselves. What is left, after that, goes as real estate, equitably amongst all, regardless of the accidental position of the legal title. The case before us does not require us to deal with these equities at present.

That Platt was a surviving partner, did not give him, at

law, any additional rights to lands held by both, even if held as partnership property. There is no survivorship in such estates at law. Upon the death of a partner, the legal estate in a survivor remains as before. That of the deceased goes to his heirs. Each holds as trustee of the partnership and of each other.

And, where the whole legal estate was in the deceased, it goes, all, to his heirs, and nothing to the survivor, save his equities. These principles are elementary, and may be found in all the text-books.

If, as he alleges, the lands were purchased by said firm, at execution sale, and a deed taken from the sheriff to the firm, it would have vested the whole legal title in Lovejoy, whose name is the only one revealed by the firm style. *Gossett et al. v. Kent et al., 19 Ark., 602; Moreau v. Safferans, 3 Sneed, 595; Wash. on R. Prop., vol. 1, mar. p. 422.*

The purchase, by plaintiff, of Lovejoy's interest in *the judgment,* had no effect on the title to the land acquired under it. Nor could plaintiff acquire any title to sustain the action by means of the deed from Lovejoy's administrator executed after suit began.

4. Eject-
ment:
Title ac-
quired af-
ter action
commen-
ced will not
support.

Conceding all that is stated in the complaint, there is nothing in the pleadings or record upon which the judgment can be supported. Even if the title had been jointly in plaintiff and Lovejoy, it would not justify a judgment for the whole in favor of the former as survivor.

There are many other errors in the record, springing from the two sources of mistake in the forum, and mistake in the nature of exhibits, which, throughout, are treated as matters of pleading. The demurrer is a speaking one, and should have been overruled as such. When sustained as reaching back to the complaint, the suit should have been dismissed, if not amended, so as to make it valid.

5. Speaking
Demurrer:
Should
be over-
ruled.

What the true rights of all the parties in equity may be,

it would be premature to determine. What may be the superior equity between the trust-deed and the execution sale—what partnership trusts attach to the real estate, if it belongs to the partners—what trusts between the partner and the heir, and widow of Lovejoy—are all matters easily adjusted in equity, all parties being brought in. The cause should have been transferred to the equity docket and been determined according to the principles there administered, and the course of equity proceedings.

For error in rendering the judgment, let it be reversed, and remanded, with leave to the plaintiff to amend his complaint, and make new parties, and move to transfer the same to the equity docket.