## COLE *v.* METTE.

### Opinion delivered October 8, 1898.

1.  EQUITY JURISDICTION—RECOVERY OF LAND.—Courts of equity have no jurisdiction of suits brought merely to recover possession of land and to establish one legal title against another conflicting legal title, even though a question concerning the priority of liens be involved. (Page 505.)

2.  DEED—PARTNERSHIP AS GRANTEE.—A conveyance of land to Mette & Kanne, a partnership composed of Lewis Mette and George Kanne, is sufficient to convey the legal title to such partners. (Page 506.)

3.  LAW AND EQUITY—EFFECT OF IMPROPER TRANSFER.—Transfer to equity of a cause properly triable at law, over appellant's objection, is prejudicial error where there was a question of fact to be submitted to the jury. (Page 507.)

Appeal from Greene Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

*C. Wall*, for appellants.

A deed made to a partnership, the title of which expresses the name of no person, vests no title. 36 Ark. 456; 1 Dev. Deeds, § 208. Amendment of this defect after ejectment brought by the partnership does not support the action. 36 Ark. 456; 59 Ark. 391; 52 Ark. 411. Further than this, the deed was unavailing, because it was never acknowledged in its amended form. It was not entitled to record, hence its execution should have been proved at the trial. Sand. & H. Dig., § 1717; 38 Ark. 181. It was error to transfer this cause to equity. 56 Ark. 391; 40 Ark. 155; Const. art. 2, § 7; 32 Ark. 553; 47 Ark. 205; 56 Ark. 391; 11 S. W. 953; 6 S. W. 362; 56 Ark. 358; 113 U. S. 550.

*Luna & Johnson*, for appellees.

The mortgage deed did not convey the wife's right of homestead. 21 S. W. 433; 30 S. W. 41; 57 Ark. 242. Upon the abandonment of the homestead by the judgment debtor, the lien of the judgment attaches, and takes precedence of a subsequent mortgage. 9 Am. & Eng. Enc. Law, 494, note 2; 61 Ia. 160; 7 S. W. 36; 29 Ark. 412; 28 Ark. 485. The debtor's title vested in the execution purchaser, by reason of neglecting to assert his homestead right. 55 Ark. 139; 17 S. W. 712. The burden is on the one claiming that he intended to retain his exemption in apparently abandoned property. Waples, Homest. & Ex. The judgment lien related back to the date of rendition. 50 Ark. 108; 6 S. W. 511. Hence the appellees had a vested right, which could not be disturbed by the legislature. 58 Ark. 117; 23 S. W. 648; 60 Ark. 269; 30 S. W. 39; 1 Freeman, Judg. § 4. It was proper to transfer this cause to equity. 36 Ark. 456; 28 Ark. 458; 30 Ark. 568; 3 S. W. 356; 39 S. W. 504; 10 S. W. 622; 30 Ark. 278; 37 Ark. 286. The deed to the partnership sufficiently described the grantees. 28 Ark. 75. It was proper to allow the sheriff to amend his deed. 35 Ark. 1107.

RIDDICK, J. The controversy in this case concerns the title to two lots in the town of Paragould, and the improvements thereon. The litigation was commenced by an action of ejectment brought by appellees, Louis Mette and George Kanne, to

recover of appellants, Cole and Wall, possession of such lots. Appellant Cole was at one time the owner of the lots, and Mette & Kanne base their right to recover upon a sheriff's deed made in pursuance of a sale of such lots under an execution against Cole. On the other hand, the appellant Wall denied the validity of the title set up by appellees, and claimed to be the owner of the land by virtue of a mortgage executed by Cole, which had been foreclosed, and the lots purchased by Wall. Both parties set up a legal title to the land, but the circuit court, on motion of Mette & Kanne, and over the objection of Cole and Wall, transferred the case to the equity docket. The case was there heard, and judgment rendered in favor of Mette & Kanne for the possession of the lots. Wall and Cole appealed, and the first question presented arises on the exceptions of appellants to the order of the court transferring the case to the equity docket.

Counsel for appellees, as a reason for the transfer of the case to the equity docket, assert that a question of priority of liens was involved. But courts of equity do not have jurisdiction of suits brought merely to recover the possession of land, and to establish one legal title against another conflicting legal title, even though a question concerning liens be involved. It avails nothing that in such a contest the owner of one legal title undertakes to establish its superiority over the opposing legal title by showing that the execution lien and sale upon which it is based were prior, in point of time, to the mortgage lien and sale upon which the title of his adversary is based. Such matters furnish no ground of equity jurisdiction, for, to call forth the interposition of a court of equity, it is imperative that equitable relief be asked. *Ashley* v. *Little Rock*, 56 Ark. 391; *Fussell* v. *Gregg*, 113 U. S. 550. The equitable doctrine of priorities, of which counsel speak, has no application in a contest between opposing legal titles to the same tract of land, such as we have here. 2 Pomeroy, Eq. Jur. §§ 679, 681, 735.

Counsel for appellees cite the case of *Percifull* v. *Platt*, 36 Ark. 456, as supporting the jurisdiction of the court of equity in this case. That was an action of ejectment in which the plaintiff recovered judgment at law. The plaintiff had only an equitable title, and the judgment was reversed on that ground;

this court holding that he could not support the action of eject-
ment upon an equitable title, but must seek his remedy in
chancery. In the case at bar the plaintiffs have, or at least
claim, a legal title, and in this respect the two cases are easily
distinguished.

In saying that the appellees claim under a legal title we do
not forget the contention of appellants that the deed of the
sheriff was not sufficient to vest a legal title in appellees, for
the reason that in such conveyance they were described only by
their firm name of Mette & Kanne, and we will now proceed to
state our grounds for not concurring in that contention.

It was decided by this court in *Percifull* v. *Platt, supra,*
that if a partnership name contained the name of one partner
only, a conveyance to the partners by their firm title would
vest the legal title in the one partner whose name appeared in
the firm name, and that if the deed be to a partnership name,
which includes the name of no party, it passes nothing at law.
But in this case the partnership name contains the surname of
both partners, and, although their christian names are omitted,
we still think the deed sufficient in form to vest the legal title
in such partners. If there be any uncertainty in the descrip-
tion, it is what the law denominates a latent ambiguity, and
parol evidence may be introduced to remove the same and
indentify the grantees. The law on this point can hardly be
better stated than it was by the supreme court of Vermont
in *Morse* v. *Carpenter*, 19 Vt. 613. "There is," said Chief
Justice Royce in that case, "an important difference between
a description which is inherently uncertain and indeterminate,
and one which is merely imperfect, and capable, on that account,
of different applications. To correct the one is, in effect,
to add new terms to the instrument; while to complete the
other is only to ascertain and fix the the application of terms
already contained in it. Indeed, the most usual and approved
description of the grantee,—that which gives his christian
and surname and the town in which he lives,—may prove to be
imperfect, as others bearing both those names may be living in
the same town. And if the christian name or place of resi-
dence be omitted, the description is only rendered the more
imperfect; it is less certain than it might be, or usually is,

made.    But a grantee is still designated, though imperfectly, and, for aught that the deed discloses, the party accepting the conveyance may be the only person answering the description given.    In all these cases, a resort to extraneous facts and circumstances may become necessary, in order to ascertain the individual to whom the description was intended to apply; but it is not perceived that the greater or less probability of this should, in either case, affect the validity of the deed." The law, as thus announced by the learned court, is fully sustained by later decisions.   *Beaman* v. *Whitney*, 20 Me. 413; *Menage* v. *Burke*, 43 Minn. 211; S. C. 19 Am. St. Rep. 235; *Sherry* v. *Gilmore*, 58 Wis. 324; *Jones* v. *Neale*, 2 Pat. & H. (Va.) 339; 1 Jones, Real Prop. § 244; 1 Dembitz, Land Titles, page 335.

It has been held that a deed to one person, describing him by his surname only, is not for that reason void (*Fletcher* v. *Mansur*, 5 Ind. 267), and there are stronger reasons why a deed to two partners by their firm name, when the same consists of a union of their surnames, as in the case of appellees, Mette & Kanne, should not be held void on account of ambiguity as to the grantees; for the union of their surnames alone in the deed indicates that the parties mentioned were partners doing business under that firm name, and serves to point out and identify the persons thus described.    When we consider how easily the grantees could be identified in such a case, we see the futility of the argument against the validity of the deed to Mette & Kanne.    We therefore hold that this deed was sufficient in form to vest the legal title in the partners, Lewis Mette and George Kanne.

The case then stands that we have here a plain action of ejectment to recover possession of land.    No equitable relief was required, and none was asked by either party.    It follows, therefore, that the court erred in transferring such cause from the law to the equity docket.

The facts, as presented in the transcript before us, show that the decision of the controversy as to the title to this land turns mainly on the question whether Cole had abandoned his homestead in the premises before the levy and sale upon which the deed of Mette & Kanne was based, and under which they claim.    With the exception of this question of abandonment, there seems to be no dispute as to the facts, and little room for

doubt as to the law. But this was a question of fact that the appellants had the right to submit to a jury, and the transfer to equity over their objections, by which they were deprived of this right, was prejudicial error. *Ashley* v. *Little Rock*, 56 Ark. 391; Sand. & H. Dig., § 5617.

The judgment is therefore reversed, and the cause remanded for trial at law.