CARPENTER v. ZARBUCK.

CARPENTER v. LEHNERS.

Opinion delivered March 11, 1905.

1. MORTGAGE—PARTNERSHIP AS MORTGAGEE.—A mortgage executed to a partnership by name, instead of to the individuals who composed the firm, is valid in a court of equity.

2. FORECLOSURE DECREE—COLLATERAL ATTACK.—A decree foreclosing a mortgage and a sale thereunder are not open to collateral attack on the ground that the mortgage was invalid.

3. JUDICIAL SALE—NOTICE.—If it be conceded that Kirby's Digest, § 4923, as to the mode of giving notice, applies to sales of lands under decrees of foreclosure of mortgages, failure to give notice of sale under such a decree in the required manner was an irregularity merely, which was cured by confirmation.

Appeals from Arkansas Circuit and Chancery Courts.

GEORGE M. CHAPLINE, Judge.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*H. A. & J. R. Parker,* for appellant.

The mortgage was void. Martindale, Conveyancing, 63; 36 Ark. 404. The notice of the sale was improper. 60 Am. Dec. 753; Rorer, Jud. Sales, 99; 71 Am. Dec. 447; 49 Mo. 451. Appellant had a right to redeem. 39 Ark. 580; 42 Ark. 215; 52 Ark. 132; 59 Ark. 147; Vanfleet, Coll. Att. § 2. A grantee must take notice of the defects in the grantor's title. 29 Ark. 650; 35 Ark. 100; 57 Ark. 628.

*Lewis & Ingram* and *P. C. Dooley,* for appellees.

Appellee was not bound by the recitals in the commissioner's deed. 45 Ark. 81, 309. The decree of foreclosure cannot be collaterally attacked. 25 Ark. 58; 50 Ark. 188; 57 Ark. 423; Vanfleet, Coll. Att. § § 3, 5; 88 Ky. 581; 84 Tenn. 82; 43 Ind. 197; 57 Vt. 509; 21 Ark. 117; 52 Ark. 341. The sale was valid, and after confirmation cannot be set aside. 13 Ark. 177; 19 Ark. 177; 53 Ark. 110; 38 Ark. 571; 27 Tex. 75; Rorer, Jud. Sales, § § 2, 127. Confirmation cures all irregularities. 24 Neb. 368; 2 Fed. 27; 51 Mo. 55; 23 Kan. 411; 29 Wis. 169; 44 Ark. 411; 99 Ind. 279; 27 Texas, 73. There was no defect in the notice of sale. 12 Ark. 218; 15 Ark. 209; 38 Ark. 571; 47 Ark. 226; 15 Ark. 209; Freeman, Ex. § 286; 92 N. C. 503; 52 Ark. 316; 23 Ark. 39. The mortgage was valid. 47 Ohio St. 306; 1 Ping. Mortg. 202; 127 Ill. 573; 29 Ill. 306; Washb. Real Est. 236; 69 Ala. 221; 20 Fla. 495; 10 Pick. 364; 60 Ark. 561; 28 Ark. 75.

*H. A. & J. R. Parker,* for appellant in reply.

The decree was indefinite. 45 S. W. 769; 9 Bush, 665. This action was a bill for review, and was sufficient. 58 Ark. 138; 32 Ark. 753; 37 Ark. 161; 36 Ark. 532; 21 Ark. 528.

McCULLOCH, J. These two causes, both embracing the same tract of land, are submitted and determined together. One is an ejectment suit against Zarbuck, the tenant of the appellee in the other suit; and the other is a suit in equity attacking the validity of a mortgage sale under which appellee Rika Lehners claims title to the lands. The parties claim title from common source.

One Penhaiter owned the lands, and executed a mortgage thereon to Cremer & Company, a firm composed of C. A. and S. P. Cremer, to secure the payment of a note for $700. Upon default in payment of the note, said firm of Cremer & Company instituted suit in the chancery court of Arkansas County, where the lands are situated, against Penhaiter and his wife to foreclose the mortgage. A decree was duly rendered by the court in that suit for foreclosure of the mortgage, and the lands were sold under the decree by the commissioner of the court, and the sale was duly confirmed by the court at the succeeding term. Appellees claim title under this sale, and appellant claims title under a deed executed by Penhaiter subsequent to said foreclosure sale.

In the law suit a trial was had below before the court sitting as a jury, and judgment was rendered in favor of the defendant. In the suit in equity a decree was rendered dismissing the complaint for want of equity.

Appellant contends, first, that the mortgage to Cremer & Company was void and conveyed nothing, for the reason that only the partnership name of the mortgagees appeared therein, not the individual names of the partners composing the firm; and that the foreclosure decree and sale thereunder were likewise void. This is not tenable. If it be conceded that the mortgage deed was not enforceable at law on account of insufficient designation of the mortgagees, it was good in a court of equity where it was foreclosed. *Percifull* v. *Platt,* 36 Ark. 456; *Cole* v. *Mette,* 65 Ark. 503; *Wood* v. *Boyd,* 28 Ark. 75.

This court, in *Percifull* v. *Platt, supra,* holding that a deed conveying lands to George F. Lovejoy & Company vested the

legal title in Lovejoy alone, and that another member of the firm could not maintain ejectment upon the deed, said: "Different rules prevail in equity, which considers the real purposes of the acquisition, and, by the machinery of trusts, converts real estate, held for partnership purposes, into personalty, so far as may be necessary to settle all equities between the firm and its creditors, and between the partners themselves."

In *Cole* v. *Mette, supra,* it is held that a deed to Mette & Kanne is sufficient to convey the legal title to the two partners. See also *Fletcher* v. *Mansur,* 5 Ind. 267; 1 Jones, Mort. § § 135, 166; 1 Pingrey, Mort. § 380; *New Vienna Bank* v. *Johnson,* 47 Ohio St. 306; *Chicago Lumber Co.* v. *Ashworth,* 26 Kan. 212.

In Pingrey on Mortgages, § 380, it is said: "The objection made that a partnership, in its firm name, cannot hold the legal title to real estate is not material, because the mortgagor would hold the legal title in trust as security for the firm. And in such case there would be no need of a formal reformation, as the court in the exercise of its equity powers would treat that as done which ought to have been done, and give effect to the instrument in a proceeding to foreclose the mortgage by awarding to the mortgagee a lien on the land for the satisfaction of the amount due the plaintiff."

Moreover, it is too late to question the validity of the mortgage in a collateral attack upon the decree of the chancery court foreclosing it. The validity of the mortgage was one of the questions adjudicated in the foreclosure suit, and was finally settled by the decree. The decree is not open to this collateral attack.

Appellant's contention that the sale was void because notice was not given by the commissioner in the manner required by law is also answered by the conclusive presumption that that question was adjudicated by the chancery court in its decree confirming the sale. If it be conceded that the requirement in the statute insisted upon by appellant (Kirby's Dig. § 4923) applies to sales of land under a decree of foreclosure, which we do not decide, it was only an irregularity which was cured by confirmation, and cannot be made the subject of a collateral attack upon the sale and confirmation. *State Nat. Bank* v. *Neel,*

53 Ark. 110; *Thorn* v. *Ingram,* 25 Ark. 52; *Boyd* v. *Roane,* 49 Ark. 397.

Finding no error either in the judgment of the circuit court or in the decree of the chancellor, both are affirmed.