BROWN *v.* WELCH.

Opinion delivered December 19, 1921.

PROSECUTING ATTORNEY—FEE OF DEPUTY ON PLEA OF GUILTY.—Under Crawford & Moses' Digest, § 8309, providing that it shall be the duty of a deputy prosecuting attorney to prosecute criminal cases before justices of the peace, and that "in the event of conviction, he shall be allowed the same fees as are now allowed by law to prosecuting attorneys in similar cases in the circuit court," *held,* that a deputy prosecuting attorney is entitled to a fee on conviction where he filed information which caused the arrest of the accused and attended the court on the day of trial, though accused pleaded guilty.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; reversed.

*Shane & Batten,* for appellant.

Appellant had the authority, and it was his duty, to file the informations (§ 8308, C. & M. Digest). It was the duty of the justice of the peace to issue the warrants, *Id.* It was appellant's duty to attend and prosecute. § 8309, *Id.* He did attend for the purpose of prosecuting, and was present and prosecuting at the time the pleas of guilty were entered as much so as if there had been a jury trial. He was entitled to the fees. C. & M. Dig. §§ 8307. 4571; 138 Ark. 154; 92 Tenn. 289, 21 S. W. 519; 128 Ark. 287; 46 L. R. A. (N. S.) 662 and note, p. 664;

Ann. Cases, 1915-B, 283, 285, 289 and notes; 24 Fla. 153, 4 So. 560; 6 Words and Phrases "Prosecute," 5737, 5739; Bouvier's Law Dict., "Prosecute;" 32 Cyc. 686; 74 Iowa 292, 37 N. W. 376; 92 Tenn. 289, 21 S. W. 519; 2 Words & Phrases, "Convict," "Conviction," pp. 1584, 1590; Bouvier's Law Dict.; 6 Fed. 152; 95 Mich. 543, 55 N. W. 461; 128 Ark. 287; Ann. Cases, 1915-B, *supra.*

In so far as pertains to Clay County, and the other counties mentioned in the act 220, Acts 1905 (§§ 8307-9 C. & M. Digest), section 8310 of Crawford & Moses' Digest was repealed by that act. 112 Ark. 437; 88 *Id.* 324; 105 *Id.* 77. Section 8310 is still in force, and applicable to the other counties not included in act 220.

If the pleas of guilty and the payment of the fees were not under compulsion of the prosecution, then the payment was voluntary and cannot be recovered.    110 Ark. 303, 305; 86 *Id.* 175; 97 U. S. 181; 98 *Id.* 541.

*J. N. Moore,* for appellees.

The fees demanded were not legal unless provided for by the plain letter of the law.    A statute fixing a duty upon a public officer does not of itself fix a compensation for the discharge of that duty.    57 Ark. 487; 73 *Id.* 600; 138 *Id.* 154.

Section 6390 Kirby's Digest (§ 8310 C. & M. Digest) was not amended, nor repealed, by the act of May 1, 1905 (§§ 6387, 6388 and 6389, Kirby's Digest).    On a state of facts exactly the same as in this case, it has been held that under the above statute the deputy prosecuting attorney was not entitled to the fee.    85 Ark. 382.

Voluntary payment was not pleaded in the lower court but the actions were based on § 4632, C. & M. Digest, hence it is immaterial whether the payments were voluntary or not.    49 Ark. 361.

McCULLOCH, C. J.    Appellant is the deputy prosecuting attorney for the Western District of Clay County, and this appeal involves his right to demand and receive a fee on conviction in a criminal case in which

he filed information before a justice of the peace, caused the arrest of the two appellees and attended the court on the day the trial was to be held, but the accused entered pleas of guilty.

The right of this officer to demand a fee depends upon the construction of the statute applicable to Clay and certain other counties. Section 8308, Crawford & Moses' Digest, provides that the deputy prosecuting attorney shall have authority to file with justices of the peace information charging persons with the commission of "any offense against the laws of this State," and section 8309 reads as follows:

"When any person shall have been arrested under a warrant issued in accordance with the provisions of this act, it shall be the duty of the deputy prosecuting attorney to attend and prosecute such charge on behalf of the State, and he shall in like manner attend and prosecute on behalf of the State in any criminal case pending before any justice of the peace, or in the circuit court of his county, when so requested by any such justice of the peace or the prosecuting attorney of the circuit, and, in the event of a conviction, he shall be allowed the same fees as are now allowed by law to prosecuting attorneys in similar cases in the circuit court. Provided, that two may be appointed for Pulaski County."

It is clear, we think, that the prosecution of a case by the officer, even where a plea of guilty is interposed before the trial of the cause, entitles him to the fee. The cases cited on the brief of counsel show that the legal definition of the word "prosecute," when used in this sense, includes a conviction under a plea of guilty where the officer performs the preliminary duties in instituting the prosecution and attends the trial for the purpose of conducting the prosecution. This is made additionally plain, too, by the fact that the statute in question amended the former statute, which provided that there should be no fee demanded by the prosecuting attorney except in case the accused entered a plea of "not guilty"

and demanded a trial. Those words were eliminated from the statute now in force in Clay County, and this omission is significant in construing the statute.

Counsel for appellee rely on decisions of. this court in other cases where the statute is different; for instance, the case of *Phillips County* v. *Jackson*, 85 Ark. 383, is relied on, but that case was decided under the statute (Kirby's Digest, § 6389) which limited the right of the deputy prosecuting attorney to demand a fee to cases where the accused entered a plea of ''not guilty'' and demanded a trial. The digesters have brought forward into Crawford & Moses' Digest, as section 8310, Kirby's Digest, section 6390, relating to the duties of deputy prosecuting attorneys in cases before justices of the peace where the accused. have pleaded not guilty and secured the services of attorneys. We need not determine in this case the extent to which Kirby's Digest, section 6390, was affected by the later statute (Crawford & Moses' Digest, § 8309) further than to say that the law now applicable to this case entitles the officer to a fee when he attends and prosecutes on behalf of the State, whether the accused secures counsel or not, and even where there is a plea of guilty.

It follows that the circuit court erred in holding that appellant was not entitled to the fee demanded. Judgment is therefore reversed, and the cause is dismissed.