STATE v. STAPLES.

Opinion delivered April 30, 1923.

PROSECUTING ATTORNEYS—FEES.—Under Crawford & Moses' Dig., § 8310, providing that a prosecuting attorney who shall attend and prosecute misdemeanor cases before a justice of the peace shall be allowed his fees in case of conviction where the defendant is charged with an offense by affidavit or otherwise and shall plead not guilty and shall secure the services to represent him on the trial, *held* that he is not entitled to a fee where the accused pleads guilty.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*J. Sam Wood,* for appellant.

Only question involved in this appeal is whether or not the prosecuting attorney, being present and ready to prosecute, is entitled to a fee for conviction in a criminal case in municipal court, when charge filed by constable and conviction had on a plea of guilty.  Act 203, Acts 1921, sec. 7; *Brown* v. *Welch,* 151 Ark. 142.  "Prosecute" defined. Webster's New International Dictionary.

Court below denied the motion to retax costs because the prosecuting attorney did not sign the affidavit or make the charge against the defendant, and erred in so doing.

HUMPHREYS, J. The purpose of this appeal is to determine whether the prosecuting attorney of the Twelfth Judicial District of Arkansas was entitled to a fee of $25 in the case of *State of Arkansas* v. *Luther Staples,* charged with and convicted of the crime of gambling, in the municipal court of the city of Fort Smith, upon the plea of guilty to the charge. The question to be determined was presented to the municipal court upon a motion to tax a fee of $25 for the prosecuting attorney of that district in said cause. The motion was overruled in the municipal court, and on appeal to the circuit court was denied and dismissed, from which latter judgment an appeal has been duly prosecuted to this court.

The motion was heard in the circuit court upon the following agreed statement of facts:

"On Sunday, January 28, 1923, the defendant, together with six others, was arrested by the sheriff and deputy sheriff of Sebastian County and the constable of Upper Township of Sebastian County, while engaged in a game of stud poker for stakes, and was placed in jail. Soon after the arrests were made the sheriff called J. Sam Wood, prosecuting attorney for the district in which Sebastian County is located, to the jail and told him about the arrests and informed him that the trial would be held the following day, the sheriff at the time making the statement that he was busy collecting taxes and did not have time to attend the trial, and requested the prosecuting attorney to take charge of the case. On the morning of January 29th the prosecuting attorney went to the municipal court for the purpose of filing informations agaist the defendants and to prosecute the cases in behalf of the State. In the meantime the constable had filed informations against the defendants. When the cases were called for trial the prose-

cuting attorney was personally present and ready to prosecute the cases in behalf of the State. Three of the defendants (including appellee) when arraigned entered their pleas of guilty, whereupon each was fined $10 and costs (not including prosecuting attorney's fees). The other defendants when arraigned entered their pleas, through their attorney, of not guilty. The cases proceeded to trial, the prosecuting attorney representing the State, and, after hearing all the facts, the court assessed a fine against each of the defendants that pleaded not guilty of $10 and costs, including the prosecuting attorney's fees.''

Prosecuting attorney's fees are fixed by statutes in this State. In the Twelfth Judicial District the prosecuting attorney's fees are governed by § 8310, Crawford & Moses' Digest, which is as follows: ''In any criminal action pending before any justice's court, where the defendant is charged with an offense mentioned in § 8308, by affidavit or otherwise, and shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice to cause the prosecuting attorney, or deputy, for such county to be notified of the nature of the charge, and the time and place of the trial, and such prosecuting attorney shall attend and prosecute in behalf of the State, and in case of conviction shall be allowed the same fee as is now allowed for similar cases in the circuit court. And no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case, nor shall any court tax any fee where such officer does not appear and personally prosecute.''

It will be observed that, under this statute, the prosecuting attorney, when present and prosecuting, is only entitled to a fee in a criminal case pending in said court, upon affidavit or otherwise, where the defendant pleads not guilty, employs an attorney to make his defense, and is convicted. Appellant contends that the prosecuting attorney's fees in the Twelfth Judicial Dis-

trict are governed by § 4571 of Crawford & Moses' Digest, which is a general statute fixing prosecuting attorneys' fees, and providing that they should be entitled to the same fees in cases of misdemeanor before justices of the peace as in the circuit court when present and prosecuting cases either in person or by deputy. This statute was enacted on February 25, 1875, and subsequently amended, its purpose being to fix the fees of all parties serving the public. Section 8310, *supra,* was enacted on April 9, 1895, and provided the method by which prosecuting attorneys might earn fees in a certain class of cases which had been fixed by § 4571, *supra.* We cannot agree with learned counsel that there is an irreconcilable conflict between the two statutes. The first · fixes the fees for prosecuting attorneys in misdemeanor cases before justices of the peace when present and prosecuting, and the latter provides the particular manner in which the fees may be earned in a certain class of cases. In the instant case the defendant made no defense, so the prosecuting attorney was not entitled to a fee.

The judgment is affirmed.