DUNCAN *v.* WEST.

Opinion delivered December 15, 1924.

1. HABEAS CORPUS—IRREGULARITY IN JUDGMENT OF CONVICTION.—The court has no right, on application for habeas corpus, to discharge from custody, on account of any irregularity in a judgment of conviction, if the court acted within its jurisdiction.

2. PROSECUTING ATTORNEYS—FEES.—The prosecuting attorney is not entitled to a fee under Crawford & Moses' Dig., § 8310, in a prosecution for a misdemeanor before a justice of the peace, where defendant entered a plea of guilty.

3. CONVICTS—TIME OF DETENTION.—In determining whether or not the time during which a convict may be legally detained has expired, the court may determine from the face of the proceedings the amount of the fine and costs chargeable against him.

4. CONVICTS—RIGHT TO DISCHARGE.—Defendant was entitled to discharge on habeas corpus from the custody of the county contractors working convicts, under Crawford & Moses' Dig., § 5076, where it appeared from the commitment, that he had been in the custody of the contractors a sufficient time, at the rate allowed by § 2071, *Id.*, to extinguish the fine and costs for which

he was committed, though there was no proof of the number of days of actual work, the contractors claiming no deduction for his failure to work.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant; *W. J. Waggoner,* prosecuting attorney, and *Trimble & Trimble,* for appellant.

*Williams & Holloway,* for appellee.

There is no presumption in favor of the validity of judgments of a justice court. At least, if the fact of jurisdiction is denied, the burden of proof is on the party relying on the judgment. 15 R. C. L., p. 880-882; 29 C. J., p. 166; Cooley Const. Lim., 5th ed. 503; Church on Habeas Corpus, § 268; 55 Cal. 212. One restrained of his liberty on a void judgment will be discharged on habeas corpus. 12 R. C. L., p. 1197; Church on Habeas Corpus, 362 and cases in note. The prosecuting attorney was not entitled to a fee on a plea of guilty. 158 Ark. 502; 103 Ark. 601. The lease contract under which Duncan was operating was not assignable. 48 Ark. 283. Appellee was entitled to discharge the fine at the rate of seventy-five cents per day instead of fifty cents. C. & M. Dig., § 2071.

McCULLOCH, C. J. Appellants are the keepers of the county convict farm of Lonoke County, under assignment of a contract made between their assignors and the county for the working of convicts of the county. Appellee was convicted of misdemeanor in three cases on pleas of guilty, and, on failure to pay the fines and costs, was duly committed to the custody of the contractors, to work out the amounts for which he was liable. He instituted proceedings before the circuit court of Lonoke County on habeas corpus to test the legality of his confinement, after he had remained in the custody of the contractors for a period of 118 days. On the hearing of the cause, which was heard by the trial judge on the pleadings and documentary evidence, consisting of the original judgments of conviction against appellee before a justice of

the peace, and the warrants of commitment, etc., a judgment was rendered discharging appellee from custody. The contractors have appealed.

The court decided that appellee was entitled to his discharge on several grounds, all of which we need not discuss if any ground at all can be found upon which the judgment can be sustained.

The documentary evidence shows the amount of fines and costs adjudged against appellee and the items thereof and the length of time which has elapsed since his commitment. It shows that the fines and costs in all three of the cases aggregated the sum of $83, which included three fees of $10 each in favor of the prosecuting attorney, and that 118 days have elapsed since appellee was committed to the custody of the contractors. The record of convictions before the justice of the peace also shows that appellee entered a plea of guilty in each case.

The first question presented is whether or not the prosecuting attorney is entitled to a fee. The court has no right on habeas corpus to discharge from custody on account of any irregularity in the judgments of conviction, if the court acted within its jurisdiction. *Ex parte Byles,* 93 Ark. 612; *State* v. *Martineau,* 149 Ark. 246. The statute provides that, if the time during which a party may be legally detained has expired, he may be discharged on habeas corpus. Crawford & Moses' Digest, § 5076. The statute regulating the fees of prosecuting attorneys in cases pending in justice of the peace courts (Crawford & Moses' Digest, § 8310) provides that, where the defendant "shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice of the peace to cause the prosecuting attorney, or deputy, for such county to be notified of the nature of the charge, and the time and place of the trial, and such prosecuting attorney shall attend and prosecute in behalf of the State, and, in case of conviction, shall be allowed the same fee as is now allowed for similar cases in the circuit court." In the case of *State* v. *Staples,* 158 Ark. 502, we construed that

statute as meaning that the prosecuting attorney "is only entitled to a fee in a criminal case pending in said court, on affidavit or otherwise, when the defendant pleads not guilty, and employs an attorney to make a defense, and is convicted."

The case of *Brown* v. *Welch,* 151 Ark. 142, has no bearing, for the reason that it involved the claim of a deputy prosecuting attorney under a different statute. C. & M. Dig., § 8309. The opinion in *State* v. *Staples, supra,* holds that the right of a prosecuting attorney to fees in cases before justices of the peace depends on C. & M. Dig., § 8310, and § 4571 does not allow fees otherwise than under the conditions stated in § 8310, *supra.* It is true that the Staples case, *supra,* differed from the present one in that the prosecuting attorney did not, in that case, file information, but that difference in the facts does not alter the application of § 8310, for, as before stated, we held that § 8310 prescribed the only conditions under which a prosecuting attorney can claim fees in cases pending before justices of the peace.

In determining whether or not the time during which an accused may be legally detained has expired, the court may determine from the face of the proceedings the amount of the fine and costs chargeable against the convict. In so doing it is found that the fees of the prosecuting attorney should be deducted, which leaves only the amount of $53.50 chargeable against appellee. It also appears from the commitment that the accused has been in custody 118 days, which, at seventy-five cents a day, as allowed by statute (Crawford & Moses' Digest, § 2071), is more than sufficient to extinguish the fines and costs. The statute cited above, as originally enacted, fixed the amount allowed convicts at the rate of fifty cents per day, but the act of 1899, amending certain sections of the original statute, provides, in one of the sections, that "the convict defendant shall receive seventy-five cents per day, including Sunday, for which he is so hired out to such contractor, in excess of any liability for care or sickness." There was originally some doubt as to

whether this change in the amount of credit to be allowed a convict applied to those hired out as well as those working on the roads, but that doubt has been resolved by the decision of this court in the case of *Ex parte Brady*, 70 Ark. 376, and, since that time, the digesters have changed the section with reference to hiring out convicts so as to allow a credit of seventy-five cents per day. There was no proof in the record as to what length of time appellee actually worked, but it is shown from the face of the commitment that he had been in the custody of the contractors for a period of 118 days, and it devolved on the contractors to show by proof any deductions to which they would have been entitled, if any. No proof was offered on that subject.

We do not deem it necessary to discuss the other grounds upon which the court held that appellee should be discharged.

The judgment is therefore affirmed, for the reasons herein stated.