WAGGONER *v.* WEAVER.

Opinion delivered January 16, 1928.

PROSECUTING ATTORNEYS—FEE ON PLEA OF GUILTY.—Where a prosecuting attorney files an information before a justice of the peace and is present in court to prosecute, he is entitled under Crawford & Moses' Dig., § 4571, to his fee, although defendants plead guilty.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

*Chas A. Walls* and *W. H. Gregory,* for appellant.
*Williams & Holloway,* for appellee.

McHANEY, J.  Appellees brought separate actions before a justice of the peace of Lonoke County against appellant to recover from appellant in the Weaver case $10 and in the Hallum case $25 fees paid appellant by appellees on their convictions on separate charges in the justice court of J. H. Melton of Lonoke County, in criminal cases filed against them by appellant as prosecuting attorney for the Seventeenth Judicial District.

Appellant, as prosecuting attorney, filed an information against Weaver, charging him with the crime of assault and battery.  He was convicted, as he says, on a plea of guilty, but, as appellant says, after a trial, which is supported by the record of the justice of the peace, fined $1 and costs, which included a $10 fee for the prosecuting attorney.

Appellant also filed an information against Hallum, charging him with the crime of gaming. He was convicted on a plea of guilty, fined $10 and costs, which included a $25 fee for the prosecuting attorney.  Both fines and costs were paid, but appellant deducted $5 from his fee in the latter case, and these separate suits were brought to recover these respective sums of money on the ground that appellant had no lawful right to collect a fee on a plea of guilty.  On a trial of the cases in the justice court, judgment was rendered for appellant, and the plaintiffs in those cases appealed to the circuit court, where judgment was rendered for them and against appellant, from which is this appeal.

We will assume, for the purpose of this decision, that both appellees pleaded guilty to the criminal charge against them, although we do not think the facts in the Weaver case justify this assumption.  The undisputed fact is that the prosecuting attorney brought both criminal actions before the justice of the peace, instituted and initiated such prosecutions by filing an information against them, charging them, respectively, with the crimes heretofore stated, and that, on the day they were to be tried, he was present in court and prosecuted.  Section 4571, C. & M.

Digest, provides: "Prosecuting attorneys, where present and prosecuting cases, either in person or by deputy, in justice court, shall be entitled to the same fees for prosecuting in cases of misdemeanors before justice of the peace as in circuit court." Under that section of the Digest, the prosecuting attorney would be entitled to his fees where he filed the information, was present at the trial, and ready to prosecute the case, even though the defendant might plead guilty, unless this court has decided to the contrary in other cases.

In *Brown* v. *Welch,* 151 Ark. 142, 235 S. W. 997, this court said:

"It is clear, we think, that the prosecution of a case by the officer, even where a plea of guilty is interposed before the trial of the cause, entitles him to the fee. The cases cited on the brief of counsel show that the legal definition of the word 'prosecute,' when used in this sense, includes a conviction under a plea of guilty, where the officer performs the preliminary duties in instituting the prosecution and attends the trial for the purpose of conducting the prosecution."

While this decision was based, to some extent, upon a statute applicable to Clay County and to deputy prosecuting attorneys therein, we are of the opinion that it applies with equal force to that phase of the question now before us, as to whether a prosecuting attorney who files the information, and is present, ready to prosecute, but is prevented from actually trying the case by a plea of guilty, comes within the meaning of § 4571 of the Digest heretofore quoted. We therefore hold that, under such circumstances, the prosecuting attorney in these cases was present and prosecuting, regardless of the fact that the defendants in those cases entered pleas of guilty.

But it is contended by counsel for appellees that § 8310 of C. & M. Digest, as construed by this court in the case of *Duncan* v. *West,* 167 Ark. 14, 267 S. W. 567, and *State* v. *Staples,* 158 Ark. 502, 250 S. W. 517, authorizes the recovery of these judgments against appellant in these cases. Section 8310 reads as follows:

"In any criminal action pending before any justice's court, where the defendant is charged with an offense mentioned in § 8308 by affidavit or otherwise, and shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice to cause the prosecuting attorney, or deputy, for such county to be notified of the nature of the charge, and the time and place of the trial, and such prosecuting attorney shall attend and prosecute in behalf of the State, and, in case of conviction, shall be allowed the same fee as is now allowed for similar cases in the circuit court. And no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case, nor shall any court tax any fee where such officer does not appear and personally prosecute."

In the Staples case, *supra,* Staples and others had been arrested by the sheriff and constable of the township for gaming. The sheriff notified the prosecuting attorney of the cases, and, on the following morning, he went to the municipal court for the purpose of filing informations against the defendants and to prosecute the cases against them. The constable, however, had already filed these informations, and, when the cases were called for trial, the prosecuting attorney was present and ready to prosecute, but Staples pleaded guilty, was fined, and the municipal court refused to tax a fee for the prosecuting attorney in the costs, and the question involved on appeal to this court was whether such a fee should have been taxed in the costs. And this court held that the prosecuting attorney was not entitled to the fee. In this case the court said:

"Under this statute, the prosecuting attorney, when present and prosecuting, is only entitled to a fee in a criminal case pending in said court, upon affidavit or otherwise, where the defendant pleads not guilty, employs an attorney to make his defense, and is convicted."

While the court used this language, which is very broad in its scope, yet the fact remained that the prosecuting attorney did not initiate the prosecution, filed no information, and did nothing in the prosecution except to

be present. And it will be readily seen that the facts in that case were wholly different from the facts in the case now under consideration.

The case of *Duncan* v. *West, supra,* was a habeas corpus proceeding to discharge a prisoner from the county convict farm, who had worked out his fine and costs, with the exception of the fees of the prosecuting attorney. In this case the right of the prosecuting attorney to collect a fee on plea of guilty in the justice court was again under consideration, and the court again followed the case of *State* v. *Staples,* and said:

"The opinion in *State* v. *Staples, supra,* holds that the right of a prosecuting attorney to fees in cases before justices of the peace depends on C. & M. Digest, § 8310, and § 4571 does not allow fees otherwise than under the conditions stated in § 8310, *supra.* It is true that the Staples case, *supra,* differed from the present one in that the prosecuting attorney did not, in that case, file information, but that difference in the facts does not alter the application of § 8310, for, as before stated, we held that § 8310 prescribed the only conditions under which a prosecuting attorney can claim fees in cases pending before justices of the peace."

It would appear therefore that the facts in *Brown* v. *Welch* were substantially the same as in the case at bar. The Staples case was followed in *Brown* v. *Welch,* and, a majority of the court now think, erroneously so, as the language used in the Staples case was not necessary to a decision of that case. For, as already stated, the prosecuting attorney did not file information, and did nothing in the prosecution except to be present. A majority of the court agree that the decision in *Brown* v. *Welch* was wrong, and should be overruled, and we are of the opinion that § 8310 of the Digest has no application to the facts in this case, but applies to a case where the prosecution is initiated by somebody other than the prosecuting attorney or his deputy. The judgment in each case will therefore be reversed, and the causes dismissed.

SMITH, J., dissents.