## CASE & CO. v. HARGADINE.

1. MORTGAGE : *What is a sufficient filing for record.*

The deposit of a mortgage by the mortgagee in the recorder's office for record, the endorsement on it by the clerk, of the date of filing, and the putting of it in the place in the office where unrecorded mortgages are kept for record, are sufficient to affect

Case & Co. v. Hargadine.

with notice all who subsequently deal with the property, though the mortgagee do not expressly direct it to be recorded, and the endorsement do not say filed " for record."

2. SAME: *Same.*

A mortgage is filed within the meaning of the statute when it is delivered to the proper officer, and by him received, for the purpose of being recorded ; and his neglect to make the proper endorsement upon it, or to record it, will not prejudice the mortgagee.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN Circuit Judge.

*B. R. Davidson,* for appellant.

There was no attempt to *file* this mortgage under the Act of March 10, 1877.

A mortgage is *filed* when it is *delivered* to the proper officer for the purpose. *Jones Chat. Mort..* 2d *Ed., Sec.* 271; 25 *Minn.,* 81; 12 *Ark.,* 64; 28 *Ark.,* 248–250, no matter whether endorsed by the clerk or not, 6 *Ark.* 211.

The law requires all mortgages to be recorded, *Gantt's Dig.,* 5021. There being no endorsement on the mortgage as required by the Act of March 10, 1877, it was the duty of the clerk to record the mortgage. If he neglected to do so, it would not defeat the priority of the mortgage lien. 28 *Ark.,* 247–257.

The reception by the clerk and depositing with the instrument held by him for record, is sufficient to create a lien without any indorsement. If properly indorsed it continued to be a lien although removed, misplaced or temporarily lost. 15 *Gray (Mass.)* 517.

*L. Gregg* for appellee.

To create a lien on chattels there must be exchange of

10——43

possession or a strict compliance with the registration acts. *Herman on Ch. Mort.*, p. 158–200.

No notice will bind subsequent purchaser, &c., without notice by a record *duly* made. *Gantt's Dig., Sec.* 4288; *Carnall v. Duval,* 22 *Ark.,* 136, and an execution purchaser acquires title superior to a mortgagee when the mortgage is not duly registered. 22 *Ark.,* 136 ; 20 *Ib.,* 190 ; 18 *Ib.,* 105; 9 *Ib.,* 112.

Recording after judgment and execution levied, creates no prior lien or notice to an execution purchaser and a deed being in the recorder's office in no way creates a lien. *Bowen v. Fassett,* 37 *Ark.,* 507 ; *McKinnon v. May,* 39 *Ark.,* 442. The statute must be literally or strictly complied with to create a lien. *Herman Ch. Mort.,* 162, 303 ; *Jones on Mort.,* 248–9.

The mortgage was marked filed but not " filed for record," nor was there any compliance with the Act March 10, 1877.

The execution being a lien from the time it came to the sheriff's hands, 18 *Ark.,* 414, the purchase at execution sale by appellee gave him a good title.

SMITH, J. This was replevin for a grain separator and fixtures. Case & Co. held a mortgage on the machine which was properly acknowledged and filed with the Clerk of the Circuit Court, who is by virtue of his office the recorder of *mesne* conveyances for his county. He made the following endorsement upon it, over his signature : " I hereby certify that the within mortgage was filed in this office on the 12th day of June 1882," and placed it among the deeds filed for record, where it remained until the following April when it was recorded. No specific directions were given for the recording of the instrument, but the mortgagee supposed it would be done. He told the clerk that he would pay his fees upon

Case & Co. v. Hargadine.

presentation of the bill; and this assurance seems to have been satisfactory, and the clerk did not demand his fee in advance.

Hargadine claims under a purchase at execution sale against the mortgagor, pursuant to a levy made before the mortgage was actually recorded.

The Circuit Court, before which the case was tried without a jury, having found the facts substantially as above stated, declared the law to be that Hargadine's title was acquired under a prior lien and gave judgment accordingly.

The case appears to have been decided upon these considerations:

1. Inasmuch as the mortgagee had not endorsed upon the instrument that it was to be filed, but not recorded, therefore no lien was acquired by the simple act of filing with the recorder, under the Act of March 10th, 1877, and,

2. As the recorder had omitted, in making his file mark, to use the words " for record," notice was not imparted to subsequent purchasers independently of that Act.

The first proposition is undoubtedly correct. The Act of March 10th, 1877, provides for the fixing of lines upon chattels by filing the mortgage or deed of trust which creates the encumbrance and dispenses with the recording of it in full under certain conditions. But no attempt was made to comply with the requirements of that law, and there is a proviso in its 8th Section that the Act shall have no application to any instrument not endorsed, " to be filed, but not recorded."

The question then recurs whether the deposit of the mortgage by the mortgagee, the indorsement of the date of filing by the clerk and the putting of it in the place in

1. MORT-GAGE: What is sufficient filing for record.

the office where unrecorded mortgages are kept for record, are sufficient to affect with notice all who subsequently deal with the property.

2. Same. A mortgage is filed, within the meaning of the statute, when it is delivered to the proper officer and by him received for the purpose of being recorded. The neglect of clerical duties by the recorder in making the proper indorsements, or in recording the instrument, does not affect the mortgagee. These are matters over which he has no control. His filing it is regarded as equivalent to registration, so far as he is concerned, and his rights will be protected though it be not recorded at all. The clerk is not his agent or servant for whose negligence he is responsible, but he is the officer designated by the law to perform the duties of receiving, filing and recording the instrument. It would be a harsh rule to punish an individual, who in the prosecution of a right, has done everything that the law required him to do, for omission by a public officer to comply with forms prescribed to him as his duty. *Jones on Chattel Mortg..* Sec. 271–2; *Wade on Notice,* Secs. 154, 170–1; *Oates v. Walls,* 28 *Arks.,* 244, *and cases there cited; Gorham v. Simmons,* 25 *Minn.,* 81 ; *People v. Bristol,* 35 *Mich.,* 28 ; *Dodge v. Potter,* 18 *Barb.,* 193 ; *Throckmorton v. Price,* 28 *Tex.,* 605 ; *McGregor v. Hall,* 3 *Stuart & Porter (Ala.),* 397.

The mortgagee left his mortgage in the proper office with the evident intention that it should be recorded. The clerk testified that he did not believe it to be necessary to record a chattel mortgage. He does not say, however, that he derived this impression from the conversation or conduct of the mortgagee. This makes the case very different from *Bowen v. Fassett* 38 *Ark.,* 507, where the beneficiary of a trust deed left it in the recorder's office with instructions not to record it.

Reversed and remanded for a new trial.