KING v. DICKINSON-REED-RANDERSON COMPANY.

Opinion delivered March 2, 1925.

1.  JUDGMENT—MOTION TO VACATE—MERITORIOUS DEFENSE.—An application by nonresident defendants to set aside a decree of foreclosure, on the ground that the service of notice by publication of a warning order was defective in misnaming the plaintiff corporation, was properly refused when the motion failed to set up a meritorious defense.

2.  JUDGMENT—PRESUMPTION FROM RECITAL OF DECREE.—Though the poof of publication misnamed the plaintiff corporation, yet where the decree recites that defendants were duly notified by publication of a warning order, it will be presumed, on motion to vacate the decree, that the court had competent evidence before it to show proper service, and amended the proof of publication accordingly.

3.  MORTGAGES—FORECLOSURE—NECESSITY OF BOND.—GEN. Acts 1923, p. 551, § 1, which amends Crawford & Moses' Dig., § 6261, by making the bond required of the plaintiff in proceedings by constructive service by publication unnecessary in mortgage foreclosures, *held* to apply to mortgages executed prior to the passage of such act.

Appeal from Benton Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

STATEMENT OF FACTS.

This is an appeal by nonresident defendants from an order of the chancery court refusing to set aside its decree in a mortgage foreclosure suit.

It appears from the record that Dickinson-Reed-Randerson company, a foreign corporation, brought suit in equity against P. W. King and Louella King, his wife, and Henry King and Florence V. King, his wife, to foreclose a mortgage on certain lands situated in Benton County, Arkansas.

P. W. King and Louella King, his wife, after having been served with summons, entered their appearance to the suit. An affidavit for a warning order was made as to Henry King and Florence V. King, his wife, on the ground that they were nonresidents of the State of Arkansas. The warning order was duly issued by the circuit clerk, and both the affidavit for the warning order and the warning order itself contained the proper style of the suit and the proper name of the plaintiff. The proof of publication of the warning order showed Dickinson-Reed-Henderson Company, a corporation, as plaintiff.

The decree of foreclosure, amongst other things, contains the following: "The court finds that the defendants, P. W. King and Louella King, his wife, were duly served with actual service on the 5th day of August, 1922, in Cherokee County, Iowa, as provided by law for service on defendants out of the State; that Henry King and Florence V. King, his wife, were duly notified of the nature and pendency of this action by publication of a warning order in the Benton County Democrat, a weekly newspaper of general and *bona fide* circulation in Benton County, Arkansas, printed and published at Bentonville, for the time and in the maner provided by law," etc.

After the commissioner appointed for that purpose had made his report of the sale of the lands, Henry King and wife filed exceptions to the report. Among other grounds, they asked that the decree of foreclosure be set aside because no proper service of summons by publication of warning order had been had upon them, and also that the plaintiff had not executed the bond required by § 6261 of Crawford & Moses' Digest.

On the 13th day of October, 1923, the chancery court refused to set aside its decree, and approved the report

of sale of the commissioner. It was also ordered that the commissioner execute a deed to said land to the purchaser.

As above stated, the case is here on appeal.

*Rice & Rice* for appellants.

The bond statute, C. & M. Digest, § 6261, *et seq.*, was enacted specially for the benefit and protection of non-resident defendants; it is mandatory, and is applicable in this case. Act 661, General Acts 1923 p. 551, amending § 6261, *supra,* is inapplicable in the case of a mortgage executed prior to its passage; but, if held to be applicable, then it is unconstitutional under art. 1, § 10, U. S. Constitution, and under our State Constitution prohibiting legislation that will impair the obligations of a contract, or injuriously affect vested rights. 6 R. C. L. 329, § 319; 40 Ark. 423; 48 Ark. 219; 94 N. C. 134; 59 Iowa 200; 50 Ala. 342; 35 Conn. 563; 84 Ky 1; 45 Md. 546; 106 U. S. 124; 62 Me. 488; 36 Cyc. 1210; 3 Ark. 285.

The means and methods provided by statute for obtaining service by publication of warning order must be strictly followed, the proceeding being in derogation of the common law. The publication and service in this case was fatally defective. 32 Cyc. 483; Art. 2, § 21, Const. Ark. 7 R. C. L. pp. 131-2, § 102; *Id.* § 41; 120 S. W. 1155.

*Nance & Seamster* for appellee.

The decree of the court finding that appellants were duly notified of the pendency and nature of the action etc., is *prima facie* evidence of that fact, and will be taken as true, in the absence of evidence in the record showing to the contrary. 164 Ark. 340; 126 Ark. 164; 100 Ark. 63. See also 57 Ark. 49; 144 Ark. 382; 144 Ark. 436; 149 Ark. 215; 156 Ark. 134; 160 Ark. 277; 156 Ark. 453; 129 Ark. 193; 161 Ark. 87.

There can be no vested right in a mere remedy. The act No. 661, complained of by appellants, applies to causes of action pending as well as to those thereafter brought. 141 Ark. 512. Moreover, appellants have not

asked for a retrial of the cause, and have not shown any meritorious defense. 157 Ark. 86.

HART, J., (after stating the facts). The chancery court did not err in refusing to set aside the decree of foreclosure on the ground that Henry King and wife had not been properly served by publication of warning order. The foreclosure suit was brought by Dickinson-Reed-Randerson Company, a corporation. In the affidavit for a warning order, and in the warning order itself, that corporation is named as plaintiff. The proof of publication of the warning order names the plaintiff as Dickinson-Reed-Henderson Company, a corporation. Hence it is claimed that there was no valid constructive service on the defendants. A sufficient answer to this contention is that no meritorious defense to the foreclosure suit is set up in the motion to set aside the decree. This court has expressly held that, on application by a defendant constructively summoned to set aside the decree, a meritorious defense must be shown by him. *Moreland* v. *Youngblood,* 157 Ark. 86.

Then, too, the foreclosure decree recites that Henry King and wife were duly notified of the nature and pendency of the action by publication of warning order, and the usual presumption which attaches to this finding in a decree must be had.

Because there is no statute forbidding it, parol evidence may be received to prove the publication of the warning order, and this carries with it the right of the court to hear parol testimony to amend the proof of publication. Hence it will be presumed that competent evidence was before the court to sustain the finding that Henry King and wife were duly notified of the pendency of the suit by publication of warning order.

In short, it will be presumed that the court heard oral evidence, and amended the proof of publication of the warning order to show that it had been published in the name of Dickinson-Reed-Randerson Company, a corporation, instead of Dickinson-Reed-Henderson Com-

pany, a corporation. *Fiddyment* v. *Bateman*, 97 Ark. 76, and *Wallace* v. *Hill*, 135 Ark. 353.

It is next insisted that the court erred in refusing to set aside the foreclosure decree, because the bond required by § 6261 of Crawford & Moses' Digest was not given. It is conceded that this section was amended by the Legislature of 1923, in which it was provided that such bond should not apply to a mortgage foreclosure decree. General Acts of 1923, p. 551. But it is claimed that this section could not be made to apply to foreclosure decrees where the mortgage was executed before the passage of the amendatory act. In this respect counsel liken it to the right of redemption in a mortgage foreclosure decree. In such cases it has been held by the Supreme Court of the United States that a State statute which allows the mortgagor a specified length of time after a sale under a decree of foreclosure to redeem, confers a substantial right, and thereby becomes a rule of property. The holding proceeds upon the theory that the right of redemption which exists at the time the mortgage is executed becomes a part of the contract, and that, to deprive the mortgagor of this right by a statute subsequently passed, would impair the obligation of the contract. *Brine* v. *Insurance Co.*, 96 U. S. 627, and *Parker* v. *Dacres*, 130 U. S. 43.

The giving of the bond in question did not confer any substantial right or equity upon the nonresident defendants. It was merely a method of procedure. Such statutes do not affect the substantial rights of the parties, but are intended to confer a method of procedure in dealing with existing rights. The forms of administering justice and the powers of courts in this respect are subject to the legislative will, and one Legislature cannot bind subsequent Legislatures in this respect. The requirement or non-requirement of a bond by the plaintiff in the case of a defendant constructively summoned is, in the very nature of things, remedial and not contractual.

In this respect the principle to be applied is like that in *Brown* v. *Creekmore*, 141 Ark. 512. It was there held that an act of the Legislature defining a counterclaim applied to suits pending at the time of its passage, as there can be no vested right in a mere remedy.

It follows that the decree must be affirmed.