MINICK *v.* RAMEY.

Opinion delivered March 9, 1925.

1. APPEAL AND ERROR—PREJUDICE AS GROUND FOR REVERSAL.—Judgments will be reversed only for errors prejudicial to the rights of the party appealing.

2. JUDGMENT—MOTION TO SET ASIDE DEFAULT—DEFENSE.—A party moving to set aside a default judgment or decree must not only state his defense thereto but must make a *prima facie* showing of merit, in order that the court may determine whether he was injured by not being permitted to have the benefit of it.

3. JUDGMENT—RELIEF AGAINST.—Equity will not set aside a decree until it has been found and adjudged that the defendant has made a *prima facie* showing of a valid defense; and if it finds a partial defense, it will modify the decree to that extent.

4. MORTGAGES—RELIEF AGAINST DEFAULT DECREE.—Refusal to set aside a default mortgage foreclosure decree for insufficiency of service was not error where defendant did not show or offer to show

by evidence his alleged defense that the decree was for an amount in excess of his indebtedness to plaintiff.

5.  MORTGAGES—AMENDMENT OF REPORT OF SALE.—Where a successful bidder at a mortgage foreclosure sale understood that the amount bid included the amount of two prior mortgages, when in fact the land was sold subject to such mortgages, so that he bid a sum which included the prior mortgage indebtedness, it was not error to permit the commissioner to amend his report to show the correct amount of the intended bid.

Appeal from Carroll Chancery Court; *J. S. Maples,* Special Chancellor; affirmed.

### STATEMENT OF FACTS.

This appeal involves the correctness of an order of the chancery court refusing to set aside a decree of foreclosure on the ground that two of the defendants were not served with summons, and also in confirming the report of sale made by the commissioner under the foreclosure decree.

On January 1, 1921, J. H. Minick executed a mortgage on 158 acres of land in Carroll County, Arkansas, to secure an indebtedness to R. C. Ramey for the sum of $2,000, subject to two other mortgages on the same land to secure an indebtedness respectively of $1,500 and $1,000, and amounting in the aggregate to $2,500 and the accrued interest.

On the 22d day of May, 1923, R. C. Ramey brought a suit in equity against J. H. Minick and Mertie Minick, his wife, and J. W. Karnes and Mary Karnes, his wife, to foreclose said mortgage for $2,000 and the accrued interest. A decree of foreclosure was duly entered of record, and it recites that the defendants had been duly served with summons and had made default. The court further found that Ramey was entitled to judgment against J. H. Minick and Mertie Minick, his wife, in the sum of $2,117.96, and a commissioner was appointed to sell the land described in the mortgage in satisfaction of this amount, subject to two other mortgages on the same land, respectively, for the sums of $1,500 and $1,000 and the accrued interest.

The commissioner appointed to make the sale reported that he had sold the same subject to the two prior mortgages above referred to, and that R. C. Ramey had bid the sum of $3,625.50 for said land, and that the same had been struck off to him for that sum.

Ramey filed exceptions to the report of sale, in which he stated that he had only bid $700 for said land, and that the same was sold to him for that sum, subject to the two mortgages above referred to.

The court, after hearing evidence on the exceptions filed, ordered the commissioner to amend his report to show that the land was sold to R. C. Ramey for $700, subject to the two mortgages above mentioned, and that this made the total amount that he would have to pay for said land the sum of $3,626.50. The chancellor ordered the commissioner to amend his report accordingly, and confirmed and approved the report as amended. The testimony on this branch of the case will be stated and referred to in detail in the opinion.

The defendant, J. H. Minick, filed exceptions to the report of the commissioner, and asked that the decree of foreclosure be set aside on the ground that he had not been served with summons in the case. He further alleged that judgment was rendered against him in the foreclosure decree for approximately $1,000 in excess of the amount he owed Ramey on the mortgage sought to be foreclosed.

The return on the summons showed that it had been served upon J. H. Minick and Mertie Minick by delivering a copy of the same to them. The deputy sheriff who served the summons and made the return on it stated that he delivered copies of the same to Mrs. Mertie Minick, the wife of J. H. Minick, and thought that he was delivering the same to her at her usual place of abode. On this point Mrs. Mertie Minick testified that her husband and herself had broken up housekeeping, and that she was visiting her mother at the time summons was served upon her. She stated further that her

husband at the time was working in the State of Missouri.

The chancellor found the issues in favor of the plaintiff, Ramey, and from a decree in his favor the defendant, J. H. Minick, has prosecuted this appeal.

*Festus O. Butt,* for appellant. .

Service of summons was not legally had upon John Minick.   142 Ark. 101; 2 Ark. 149; 136 Ark. 546.

*C. A. Fuller,* for appellee.

The judgment of a court will not be vacated until it is adjudged that there is a valid defense to the action in which the judgment is rendered.    135 Ark. 308; 54 Ark. 539; 102 Ark. 252; 136 Ark. 546; 49 Ark. 397; 54 Ark. 539.   The findings of the chancellor will not be set aside by this court unless they are clearly against the preponderance of the evidence.   130 Ark. 465; 138 Ark. 408.

HART, J., (after stating the facts).   J. H. Minick first seeks to reverse the decree of the chancery court on the ground that it erred in not setting aside the foreclosure decree because he had not been served with summons in the case.   Conceding that the evidence in the record overcomes the *prima facie* case of service by the recitals of the decree, we do not think that the court erred in refusing to set it aside.   It will be noted that the motion of J. H. Minick to set aside the decree alleges that a decree was rendered against him for approximately $1,000 in excess of the amount due by him to Ramey. No proof whatever to sustain this allegation was offered.

It is well settled in this State that judgments or decrees will only be reversed for errors prejudicial to the rights of the party appealing.   Therefore, a party moving to set aside a judgment or decree must not only state his defense thereto, but must make a *prima facie* showing of merit in order that the court may determine whether he was injured by not being permitted to have the benefit of it.

The rule is that a court of equity will not set aside a decree until it has been found and adjudged that the defendant had made a *prima facie* showing of a valid defense to the suit; and, if it finds a partial defense, it will modify the decree to that extent. *Robinson* v. *Arkansas Loan & Trust Co.,* 74 Ark. 292; *Citizens' Bank of Lavaca* v. *Barr,* 123 Ark. 443; *Montague* v. *Craddock,* 128 Ark. 59; and *Davis* v. *Ferguson,* 164 Ark. 340. Thus it will be seen that the court was right in refusing to set aside the decree, because no showing whatever was made or offered to be made by Minick to establish the alleged fact that a decree had been rendered against him for any amount in excess of the indebtedness which he owed to Ramey.

The next ground relied upon for a reversal of the decree is that the chancery court erred in ordering the commissioner to amend his report of sale to show that Ramey only bid $700 for the land sold under the foreclosure decree. On this point Ramey testified that he only bid $700 for the land, and that the same was sold subject to two prior mortgages; that the amount of his bid of $700, added to the principal and interest of the two prior mortgages, amounted to $3,625.50; that the land was not worth more than this amount, and that he would take for it now the amount of money which he has invested in it.

It is true that the commissioner making the sale and a son of J. W. Karnes, one of the defendants, testified that R. C. Ramey bid $3,625.50 for the land; but it is evident that Karnes misunderstood the bid. As we have just seen, Ramey testified that the amount of his bid, together with the amount of the two prior mortgages, amounted to $3,625.50. While the commissioner states that Ramey bid the sum of $3,625.50, his whole testimony on the subject shows that he understood that this amount included the two prior mortgages on the land. The commissioner stated that the land was sold and cried for sale subject to the two prior mortgages; that, before the sale, Ramey came to his office and said

that he was going to bid $700 subject to the prior mortgages, and that, when Ramey afterwards bid, he believed that he only intended to bid $700 subject to the prior mortgages.

Under this state of the record the chancery court properly ordered the report of the commissioner to be amended and approved, and confirmed it as amended.

The result of our views is that the decree was correct, and it will be affirmed.