POWELL *v*. BILLINGSLEY.

Opinion delivered November 7, 1927.

MORTGAGES—AMENDMENT OF COMMISSIONER'S REPORT OF SALE.—Where the evidence showed that a purchaser at a mortgage foreclosure sale of land, subject to a prior mortgage for $7,000, bid $19,500, which was $7,000 more than the indebtedness then being foreclosed, intending only to bid the amount of the purchaser's debt and assumption of the prior mortgage thereon, it was not error to permit the commissioner to amend the report of sale to show that the purchaser intended to bid only the amount of judgment and the prior mortgage; the purchaser of the mortgagor's equity, complaining, being offered an opportunity to step into the purchaser's shoes.

Appeal from Izard Chancery Court; *Alvin S. Irby,* Chancellor; affirmed.

*McCaleb & McCaleb,* for appellant.

*S. M. Casey,* for appellee.

McHANEY, J. Appellees brought this action to foreclose a mortgage on 975 acres of land which was given to secure a debt by the defendants, T. P. Powell and son, who are the father and brother of appellant, T. C. Powell, of approximately $11,000, subject to a prior mortgage to the Joint Stock Land Bank of St. Louis, of approximately $7,000. The case proceeded to judgment, in which a decree was rendered for appellees, foreclosing the second mortgage, subject to the prior mortgage, and providing for a sale of said lands in satisfaction of said indebtedness, which should be sold "subject to a prior deed of trust executed to the Joint Stock Land Bank of St. Louis, Missouri." During the pendency of the suit, and before the sale, the defendants in this action became insolvent, and were adjudged bankrupts, and their equity in said mortgaged lands was sold by the trustee in bankruptcy, with the other assets of the bankrupt estate, and the appellant, who was not then a party to this litigation, became the purchaser of the equity in the lands covered by said mortgages and the other property. A sale was had by the commissioner, at which appellant was present, and the appellees bid the sum of $19,500 for the lands, which

was about $7,000 more than the indebtedness then being
foreclosed, and, this being the only bid, the land was
struck off and sold to the appellees for said sum. The
undisputed facts show that the appellees, in making their
bid, only intended to bid the amount of their debt and the
assumption of the prior mortgage against the lands,
which amounted to the total sum of $19,500, and were
advised to do this by the commissioner, Hall, who made
the sale, who understood that appellees were only bidding
the amount of their indebtedness under the foreclosure,
plus the amount of the prior mortgage, which they would
pay off when it became due. Appellant claims that, inas-
much as the land was ordered sold subject to this prior
debt, their bid being the flat sum of $19,500, appellees
should be required to pay into the registry of the court
for his benefit the sum of approximately $7,000. Under
this state of the case the court permitted the commis-
sioner to amend his report of sale.

The original report, showing that "at such sale so
made and had by him, J. H. Landers, Ed Billingsley and
R. D. Harris bid and offered the sum of $19,500 for said
lands and premises, and, that being the highest bid, the
same was struck off and sold to them for that sum, $19,-
500." That report was amended so as to read as follows:
"And at such sale so made and had by him, J. H. Landers,
Ed Billingsley and R. D. Harris bid and offered the sum
of $19,500 *for the amount of judgment and costs,* $12,-
290.37, and debt to the St. Louis Joint Stock Lank Bank,
$7,229.63, for said land and premises, and that being the
highest bid, the same was struck off and sold to them
for that sum, $19,500."

Thereupon appellant filed his intervention in the
action setting out the foregoing facts, in which he alleged
that he was present at said sale, and would have bid
the amount of the mortgage debt and costs for which it
was being foreclosed, but that he would not have bid more
than $19,500, and prayed that the amended report of the
commissioner be stricken from the files, and that the orig-
inal report be confirmed, and that he be declared to be

the owner of the sum so bid by appellees, in excess of their judgment debt, and that, upon the payment of said amount, the excess of the $19,500 over and above the mortgage debt then being foreclosed, be paid to him.

Appellees filed a reply to the intervention, setting out their theory of the matter, as hereinbefore stated. After hearing evidence on the intervention, the court entered a decree which recites that "the court tendered said lands to the intervener upon payment of said debt and cost, without interest from date of filing intervention, and upon refusal of said intervener to accept said tender of said lands, it is the opinion of the court that said amended report of the commissioner should be, and the same is, hereby confirmed, and said commissioner is hereby directed to execute a deed to the plaintiffs purchasing at said sale, upon their satisfying their judgment against the defendants and assuming the indebtedness of defendants to the Joint Stock Land Bank." From this order confirming the amended report and sale of said lands the intervener has prosecuted an appeal to this court.

As indicated by the decree above quoted from, the appellees offered to permit appellant to step into their shoes, as it were, on their bid as shown in the amended report, and accept from him the payment of their debt, and let him become the purchaser of the lands at the sale, subject to the prior mortgage. He refused to do this, and seeks to profit on a strict construction of appellee's bid, as shown by the original report of the commissioner, to the extent of approximately $7,000, which bid was conclusively shown to have been erroneously made, or erroneously construed by appellant. There is no dispute in the evidence as to what appellees meant by their flat bid of $19,500, that is, that they meant to bid the amount of their debt and assume the first mortgage. This is not only shown by the testimony of the appellees and the commissioner, but the land itself is not worth more than the amount of both mortgages, at least it is not worth $7,000 more than both mortgages.

We think this case is controlled by the decision of this court in the case of *Minick* v. *Ramey,* 168 Ark. 180, '?69 S. W. 565, where a similar state of facts was involved, and the court permitted the report of the commissioner to be amended in accordance with the intent of the parties, and confirmed it as amended.

No error appearing, the decree is affirmed.