C. A. BLANTON COMPANY *v.* FIRST NATIONAL BANK
OF MARKED TREE.

Opinion delivered January 16, 1928.

1. RECORDS—WHEN PAPER FILED.—A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file.

2. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.— Findings of fact of the circuit court sitting as a jury, are as conclusive on appeal as the finding of the jury would have been.

3. GARNISHMENT—PURPOSE OF RETURN.—The chief purpose of the return of an officer of having served a writ of garnishment is to show that the writ was served.

4. JUDGMENT—WHEN DEFAULT JUDGMENT SET ASIDE.—To set aside the judgment by default on the ground of lack of proper service, one who is aggrieved by the judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceedings in time to make a defense.

5. JUDGMENT—DEFENSE AGAINST DEFAULT JUDGMENT.—The party against whom a judgment is rendered must show a meritorious defense in order to set the judgment aside.

Appeal from Poinsett Circuit Court; *G. E. Keck,* Judge; affirmed.

*C. T. Carpenter,* for appellant.

*Basil Baker,* for appellee.

MEHAFFY, J.   On June 15, 1925, appellee instituted suit on a note for $165.94 and interest against L. B. Yancey. Summons was issued and served on defendant.

On the 26th day of June, the day set for trial, the defendant did not appear, and judgment was rendered against him for the amount of the note and interest. On the 28th day of July, 1925, a writ of garnishment was issued and served on C. A. Blanton Company.

More than a year after judgment was rendered against C. A. Blanton Company, execution was issued against defendant and garnishee. The justice of the peace who rendered the judgment was no longer in office, and motions to quash judgment were filed with his successor. The justice of the peace set aside the judgments, and, on appeal to the circuit court, the original judgments of the justice of the peace were held valid, and

Yancey and the Blanton Company have appealed to this court. Their motion for a new trial states that the judgment is contrary to law and contrary to the evidence. The only other grounds in the motion for a new trial are, fourth, that the court erred in finding that the original note sued on herein had ever been filed with the justice of the peace in the way and manner as prescribed by law, in order to give the justice of the peace jurisdiction of the question; and, fifth, that the court erred in finding that the service on C. A. Blanton Company was sufficient to sustain the judgment against it as garnishee.

Appellant's first argument in his brief is that the court erred in finding that the original note had been filed. It appears from the evidence that the garage where the justice of the peace had had his office had been burned, and he had requested Mr. J. G. Waskom, an attorney, to keep his docket and papers at his office, and that Mr. Waskom kept them there. Mr. Waskom is the attorney who filed this suit, and he testifies that he went to the justice of the peace, took the docket and the original note and the form of the summons, and handed them to the justice of the peace. That the justice of the peace signed the summons and handed them back to the attorney. That the attorney, Waskom, put the note in the docket at about the place where the suit would be entered, and that the justice directed him to take them back to Waskom's office, which he did. That the former garage of the justice had been burned, and that the justice had asked Mr. Waskom to keep his docket at his office, as he, the justice of the peace, had a very poor place to keep things of that kind.

The appellant, Yancey, testifies that he made two trips to the justice of the peace, and did not get to see what was filed nor see the docket. But he admits that the justice told him that they were in Mr. Waskom's office. And, so far as the proof shows, he never went to Mr. Waskom's office to find them. Therefore, so far as the filing of the original note is concerned, if giving it

to the justice of the peace was filing it, then the note
was filed.

This court has said: "A paper is said to be filed
when it is delivered to the proper officer and by him
received to be kept on file." *Hogue* v. *Hogue,* 137 Ark.
485, 208 S. W. 579; *Bettison* v. *Budd,* 21 Ark. 578; *Eureka
Springs Stone Co.* v. *Knight,* 82 Ark. 164, 100 S. W. 878;
*Case & Co.* v. *Hargadine,* 43 Ark. 144; and *Forehand* v.
*Higby,* 133 Ark. 191, 202 S. W. 29.

The circuit court sitting as a jury found that the
note had been filed, and the findings of facts by the court
are as conclusive here as the finding of a jury, and there
was ample evidence to sustain the finding of the court
that the note had been filed.

The defendant, Yancey, does not dispute the debt or
the note. There is no contention on his part that he
did not execute the note, and no contention that he did
not owe the amount of the note.

His next contention is that there was no service on
the Blanton Company. But appellants, in giving their
testimony, did not claim that the writ of garnishment was
not served. In fact, they state that it was served. But
their contention is that the return of the officer simply
showed a service on the Blanton Company, and that the
officer was permitted to amend his return by showing
that he served it on C. A. Blanton, president of the C. A.
Blanton Company.

The chief purpose of the return of the officer is to
show that the writ was served, and there is no dispute
about the service.

Appellant says there is nothing to show whether C.
A. Blanton Company was a foreign or domestic corpora-
tion. The return of the officer shows that it was a cor-
poration, and that C. A. Blanton was its president, and
that service was had on him. And the appellant does
not claim that it is a foreign corporation or that service
on C. A. Blanton was not proper because it was a foreign
corporation, and it does not contend now that C. A.

Blanton was not the proper party upon whom to serve the writ of garnishment.

The appellants knew of the proceedings against them in the justice court, and knew of the day set for trial, and they failed to appear or to take any action to get a new trial or to have the judgment vacated in the time provided by statute, and neither party appealed.

"This court is committed to the rule that 'one who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceedings in time to make a defense, in order to obtain relief." *Fore* v. *Chenault,* 168 Ark. 747, 271 S. W. 704; *State* v. *Hill,* 50 Ark. 458, 8 S. W. 401; *Moore* v. *Price,* 101 Ark. 142, 141 S. W. 501; *Quigley* v. *Hamilton,* 104 Ark. 449, 148 S. W. 275; *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575.

A party against whom a judgment is rendered must show a meritorious defense in order to get the judgment set aside. *King* v. *Dickinson-Reed-Randerson Co.,* 168 Ark. 112, 269 S. W. 365; *Moreland* v. *Youngblood,* 157 Ark. 86, 247 S. W. 385; *Minick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565.

The judgment of the circuit court is correct, and is therefore affirmed.