ADAMS *v.* MITCHELL.

4-3507

Opinion delivered October 1, 1934.

*F. G. Taylor,* for appellant.
*C. O. Raley* and *G. B. Oliver, Sr.,* for appellees.

SMITH, J. Appellant brought suit in ejectment to recover the possession of the southeast quarter of the southwest quarter of section 35, township 20 north, range 4 east, and pleaded as the source of his title a deed from the State based upon a tax sale to the State for the nonpayment of the 1926 taxes thereon. Before the trial he amended his complaint to allege the ownership of the southwest quarter of the southwest quarter of the same section under a deed to him from M. S. Smith and wife.

The transcript does not contain the answer filed in the cause, but it does contain a pleading entitled "amendment to the answer," and it contains also an answer to the cross-complaint filed by the defendant, but it does not contain the cross-complaint itself. The case is briefed, however, as if all the questions herein discussed had been put in issue by proper pleadings, and we shall so treat them.

As to the tract of land last described in the amended complaint, the following facts were developed. Smith had mortgaged the land to Henry Lepp, and, while Smith was confined in the State penitentiary, suit was brought against him to foreclose the mortgage. A decree of foreclosure was rendered as prayed, pursuant to which the commissioner appointed to execute the decree sold the land to Lepp, the mortgagee, and upon the confirmation of the report of sale a deed was executed to Lepp, which was duly approved by the court.

Attack was made on this foreclosure proceeding, and the deed executed pursuant to it on the ground that the decree had been rendered upon improper and insufficient service. We do not discuss the facts upon which that contention-is based, for the reason that the court found that no defense against the foreclosure suit was shown. Smith admitted that he owed the debt which the mortgage was given to secure, and the court therefore properly refused to vacate the decree of foreclosure and the proceedings thereunder. This action must be affirmed, as the rule is well established that, before one many question the service upon which a judgment or decree was rendered, he must show the existence of a defense to the suit which terminated in the judgment or decree. *More-*

*land* v. *Youngblood,* 157 Ark. 86, 247 S. W. 385; *King* v. *Dickinson-Reed-Randerson Co.,* 168 Ark. 112, 269 S. W. 365; *Minick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565; *C. A. Blanton Co.* v. *First Nat. Bank,* 175 Ark. 1110, 1 S. W. (2d) 558.

There was a proceeding to amend the original decree, and an amended decree was rendered, which we must accept as reflecting the final action of the court. This amended decree adjudicated the fact that the plaintiff acquired no title to the land described in the deed to him from Smith, for the reason that Smith had lost his interest in the land through the foreclosure proceeding hereinabove referred to, which the court refused to vacate for the reason that "no defense to the original suit by Henry Lepp against said M. S. Smith is set up or shown."

As to the tract of land first described in the original complaint, it may be said that the record is somewhat confused, and two writs of certiorari have been sued out and returned to clarify the record. The last return of the clerk upon these writs shows certain errors in the original transcript, and we must take the final certificate of the clerk as to the record made at the trial from which the appeal comes as correct.

There was filed with the original complaint, and as an exhibit to it a deed from the State "for forfeited lands sold" to plaintiff, which recites that the land there described was forfeited to the State for the nonpayment of the taxes for the year 1926. The exhibit of this deed to the complaint shows that it is a copy of the deed as recorded in deed record book 28, page 380, and the original of the deed does not appear to have been offered in evidence. As thus exhibited, the deed recites that it was based upon a forfeiture to the State for the nonpayment of the taxes due for the year 1926.

There appears, however, in response to one of the writs of certiorari, what is now certified to be a correct copy of the deed as recorded in deed record book 28, at page 380, which shows that the State's deed was based upon a forfeiture for the nonpayment of the 1924 taxes. But it was shown at the trial from which the appeal

comes that the taxes on the entire southwest quarter, which embraces the land herein described, have been paid, as evidenced by tax receipt No. 860, issued on March 31, 1925, for the year 1924. As the taxes had been paid, the sale to the State for their nonpayment was, of course, void, and the deed based thereon from the State conveyed no title.

Upon this showing the court correctly refused to award the possession of the land to the plaintiff; and also correctly refused to render judgment in plaintiff's favor for the sum paid by him to the State for his deed from the State.

The cause had by consent been transferred to equity, where the deed from the State was canceled and held for naught, and, as the decree dismissing the complaint as being without equity is correct, it must be affirmed, and it is so ordered.