Burton *v.* Callis.

4-3854

Opinion delivered May 6, 1935.

*Rice & Rice,* for appellant.

*Beasley & Beasley, W. A. Dickson* and *Price Dickson,* for appellee.

Baker, J. This is an ejectment suit filed on the 6th day of March, 1934, by the appellant against William Hampton to recover possession of 80 acres of land, particularly described, in Benton County, Arkansas.

Hampton was a tenant or lessee of Cora Nichols. During the pendency of the suit Cora Nichols sold the land to W. C. Callis, who intervened and made himself a party to the proceeding.

The plaintiff, appellant here, alleges in her complaint that the said tract of land was forfeited to the State of Arkansas for the taxes for the year of 1915, and that the State had its title duly confirmed to the said tract of land, and on January 4, 1934, sold and conveyed the same to the appellant. Cora Nichols intervened in the suit filed against Hampton and filed her answer, wherein she denied the land was forfeited for the non-payment of taxes for the year it was returned as delinquent and sold to the State, and denies further that the State had its title confirmed. She set out a chain of title, showing she was the owner of the land, and that she had paid taxes thereon, and that the same was never delinquent; denied that the plaintiff was the owner of the land and entitled to the possession. She also pleaded that in the suit of *State of Arkansas* v. *Delinquent Lands,* pending in the chancery court, a decree was therein rendered upon her intervention confirming the title to said lands in her, and those claiming under her. To this answer the plaintiff filed response, alleging that on the 10th day of October term (November 13) 1931, in the cause of *State of Arkansas* v. *Delinquent Lands,* in the Benton Chancery Court, the court made and rendered a decree confirming the title to lands involved herein, and other lands, in plaintiff, State of Arkansas, under and by virtue of act 296 of the Acts of 1929. During the year next following the rendition of this decree, no alleged owner had appeared and filed any motion to set aside or vacate said decree, or that part thereof affecting the lands involved, under the provisions as set forth under § 9 of the said act 296, and pleaded the period of one year, under the provisions of said act, as a statutory bar against the claim of defendant, Cora Nichols; that from and after the 4th day of January, 1934, the date of appellant's deed, the decree confirming title in Cora Nichols was, as to the plaintiff, null and void, because of the fact that plaintiff had no knowledge

or information of the action taken, confirming title in said defendant, Cora Nichols; that the State at the time of the said confirmation had no interest in said property, having previously sold the said lands to plaintiff.

After the appellee, W. C. Callis, purchased the land, he asked to be made a party, pleading sale by Cora Nichols and purchase by himself, and then adopted answer of Cora Nichols as his answer, and alleged that he was the owner. Upon trial of the case, the court rendered decree in favor of the defendant. By stipulation certain facts were established. Those we think pertinent are set out.

The plaintiff was never in possession of any part of the lands. Cora Nichols was, at the time of the alleged purchase of the lands, and for ten years prior thereto had been, in the possession of the same. The defendant, Hampton, or Cora Nichols, had no actual notice or knowledge of the pendency of the suit in the chancery court to confirm the State's alleged title to the land for the alleged nonpayment of taxes thereon for 1915, and further it was agreed that the taxes for the year for which the land was forfeited were paid in full within the time prescribed by law. No other delinquency was set out or proved.

The plaintiff attempted to prove and establish the decree purported to have been rendered on November 13, October term, 1931, wherein the State of Arkansas confirmed its title to delinquent lands, and, as we understand the record, offered the praecipe prepared for the decree, which was not signed, or otherwise identified, except by the clerk, who said that it had been prepared and delivered to him. Later in the trial, chancery record 36, page 489, continuing to page 548, was offered in evidence, the particular tract of land being described on page 496, but this was not entered, though rendered on November 13, October term of the chancery court, 1931, until July 2, 1934. The particular description of the tract of land, the east half of the northeast quarter of section 18, township 19 north, range 31 west appeared, but had a line drawn through it. There was no explanation as to when or why the line was drawn through this description of

the tract of land. The clerk also identified, in the said chancery record 36, page 358, in a case of *State of Arkansas* v. *Delinquent Lands,* rendered on March 15, 1934, an order or decree in favor of Cora Nichols, showing that all taxes had been paid upon the lands involved, and that the land had been erroneously certified to the State as delinquent lands.

The purported decree so rendered on November 13, 1931, recorded the 2nd day of July, 1934, had at the bottom of it a recital as follows: "This decree was rendered the 10th day of the October term, 1931, of this court, and was ordered to be entered now for then." There was also offered in evidence an order of the chancery court made at the October term, 1934, the docket entry of which was as follows: "Second day, the decree confirming title in the State of Arkansas to lands described that was recorded in chancery record 36, pages 488-547, inclusive, is found to be erroneous, and not the decree ordered by this court, and the court refuses to sign the record of the same and hereby orders the clerk of this court to strike said decree from the records."

It appears from the foregoing that the decree rendered on the 10th day of October term, 1931, in the case of *State of Arkansas* v. *Delinquent Lands,* was never in fact entered of record, though what purported to be the decree had been delivered to the clerk and had been rec orded without the approval of the chancellor, and that when the chancellor's attention was called to it, it was ordered to be canceled. It also appears from the docket entries, made by the chancellor that the said cause of *State of Arkansas* v. *Delinquent Lands* had been continued as to the interveners, who were permitted to pay taxes. At any rate, while the said suit was still pending, Cora Nichols, then owner of the property, filed her intervention in the said cause, proved her payment of the taxes for the year of 1915, and her title was confirmed as against the State. Of this proceeding, however, the appellant, Lillian Burton, had no knowledge or information, but the State was represented by its regularly employed counsel, and the order of the court was made while the cause was still pending. It must appear from

the foregoing statement that no decree, in accordance with the order of the court, on the 10th day of the October term, 1931, has been prepared or entered, nor is there any proof as to what, if any, reservations were set forth in the decree ordered, or of time within which pleadings might be filed, in accordance therewith. Therefore, it is apparent that act 296 of the Acts of 1929 and the decree rendered by its authority cannot avail the appellant in this case as proving title in the State. The praecipe of the purported decree was not competent, as it bore no mark of approval by the chancellor, and the purported decree recorded was ordered stricken as not being the decree rendered. There is therefore no proof that the title to the land was unconditionally confirmed, or that it was in fact confirmed at all.

But the taxes have been paid upon this land. It was never in fact delinquent. The collector was without power to sell under these conditions, and the State took nothing by the alleged forfeiture.

Therefore, the deed offered by the appellant was without probative value and showed no title in the appellant. *Stringer* v. *Conway County Bridge District,* 188 Ark. 481, 483, 65 S. W. (2d) 1071; *Adams* v. *Mitchell,* 189 Ark. 696, 699, 74 S. W. (2d) 969.

We decided practically the same issue on April 29 last, in the case of *Mixon* v. *Bell, ante* p. 903, and cited for authority therein the cases of *Kinsworthy* v. *Austin,* 23 Ark. 375; *Knauff* v. *National Cooperage & Woodenware Co.,* 99 Ark. 137, 137 S. W. 823; *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29; *Robertson* v. *Johnson,* 124 Ark. 405, 187 S. W. 439.

It follows therefore that the decree of the chancery court was correct. It is affirmed.