SWEET v. NIX.

4-5293 122 S. W. 2d 538

Opinion delivered December 12, 1938.

*A. D. Pope,* for appellant.

*R. T. Boulware,* for appellee.

McHANEY, J. Appellants are the widow and heirs at law of W. M. Sweet, deceased. In his lifetime, on November 26, 1927, Mr. Sweet and his wife, the appellant, Carrie Sweet, executed and delivered their deed of trust on a certain 72-acre tract of land in Lafayette county to Pike Roe, trustee for R. O. Taylor, to secure an indebtedness of $182.80, due by Sweet to said Taylor, which deed of trust was duly recorded, and a short time later assigned of record by Taylor to J. T. Stephens and Ezra Garner. In 1930, subsequent to the death of Mr. Sweet, Stephens and Garner foreclosed said deed of trust at a time when all the heirs at law were minors, and at the foreclosure sale, A. F. Nix became the purchaser, and he and his wife are the appellees here.

This action was brought by appellants in December, 1937, to cancel and set aside said foreclosure sale and to permit them to redeem from said sale. Appellees demurred to the complaint both generally and specially. The court treated the demurrer as a motion to make more definite and certain and required appellants to attach as exhibits all the pleadings, orders, depositions and other papers on file in connection with the foreclosure proceedings had in 1930, and then sustained the demurrer. Appellants stood on the complaint as amended with said exhibits and same was dismissed for want of equity. The case is here on appeal.

We think the court was correct in sustaining the demurrer and in dismissing the complaint for want of equity. The term of court at which the foreclosure de-

cree was rendered had lapsed more than seven years prior to the bringing of this action. We have many times held that, after the close of the term at which the decree was rendered, the court may set it aside or modify it only in the manner and for the causes specified in § 8246, Pope's Digest. See *Ingram* v. *Raiford*, 174 Ark. 1127, 298 S. W. 507. Section 8248 provides the procedure to vacate or modify under the fourth, fifth, sixth, seventh and eighth grounds of § 8246, which shall be by complaint, verified by affidavit, and setting forth, among other requirements, the defense to the action, if the party applying was defendant. Section 8249 provides: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, . . ." Not only is there no valid defense shown to the foreclosure action, but none is attempted to be alleged or stated in the complaint herein. Numerous cases might be cited to the effect that failure to allege a meritorious defense to the action in which the judgment or decree sought to be set aside was rendered is fatal to the action. Some of the later cases are *H. G. Pugh & Co.* v. *Martin*, 164 Ark. 423, 262 S. W. 308; *Horn* v. *Hull*, 169 Ark. 463, 275 S. W. 905; *Adams* v. *Mitchell*, 189 Ark. 696, 74 S. W. 2d 969. In the last-cited case it was held that, before a defendant may question the service upon which a judgment was rendered, he must show the existence of a defense to the suit which terminated in the judgment.

One of the grounds urged here to set aside the judgment is that service was bad because summons was delivered by a deputy sheriff who was the trustee in the deed of trust. But, as we have just shown, appellants cannot question the service in the absence of a defense to the original action.

A number of other grounds to set aside are argued by counsel for appellants, none of which are more meritorious than the question of service just mentioned. The reason for the statute and the rule of this court is that courts should not be required to do vain and useless

things, and it would be a vain and useless thing to set aside a judgment to which there was no defense, and the same result would necessarily follow on a new trial.

The decree is correct, and it is affirmed.