CHRISTOPHER *v.* WASSON.

4-5479     128 S. W. 2d 1012

Opinion delivered May 15, 1939.

*Stevens & Cheatham,* for appellant.

*J. L. Davis* and *H. B. Colay,* for appellees.

McHANEY, J. Appellants, husband and wife, seek to set aside a foreclosure decree, the sale, confirmation and commissioner's deed to the NE NW-23-16-20, Columbia county, all occurring in 1934, and also a deed conveying the same property by the purchaser at the foreclosure sale, appellee Marion Wasson, to appellee McNeil Hardware & Furniture Co., dated September 28, 1936. Their complaint for this purpose was filed June 1, 1938.

The record reflects that, on June 11, 1932, appellant W. M. Christopher and his then wife, Perreine, borrowed $450 from the Bank of McNeil for which they executed their promissory note, secured by a deed of trust on 120 acres of land other than that above described. Said note being past due and unpaid, and said bank having become insolvent and being in the hands of appellee, Marion Wasson, State Bank Commissioner, for liquidation, he brought suit to foreclose said deed of trust on May 25, 1934. Perreine Christopher died and, on May 12, 1933, W. M. Christopher married his present wife, Mattie. Not knowing that Perreine had died, the bank commissioner had summons issued for her and her husband which was

served on him and a return made showing such service and the death of Perreine.

On July 12, 1933, appellants executed and delivered to the McNeil Hardware & Furniture Co., their deed of trust to the 40 acres of land above described, the land now in controversy, to secure their note for $200 due November 1, 1933, with interest at 10 per cent. from maturity. This note and deed of trust were acquired by the Bank of McNeil and on September 12, 1934, the bank commissioner filed an amendment to his complaint, setting up this additional cause of action, the note, the deed of trust, the assignment of both, the fact that the note was past due and unpaid, and prayed judgment for the amount thereof with interest and a foreclosure. Summons was issued on this amendment against Mattie Christopher and had upon her. No additional service was had upon her husband. No defense was made, no answer or other pleading filed and judgment was rendered by default, sale had, confirmed and deed issued to the bank commissioner, all in 1934. Appellees answered denying the illegality of the sale. Trial resulted in a decree dismissing the complaint of appellants for want of equity. The case is here on appeal.

For a reversal of this decree, appellants first say that there was a misjoinder of actions and parties, in that the suit on the $200 note could not be properly joined with the suit on the $450 note. We cannot agree. The real parties in interest were the same. While it is true the $200 note and deed of trust had originally been given to the McNeil Hardware & Furniture Co., it is also true that the latter sold and assigned same to the bank or to the bank commissioner, who was then the owner of both notes and deeds of trust. If separate suits had been filed, they could have been consolidated for trial as both were between the same parties. But, if they were improperly joined appellants have waived the right to object. Sections 1286 and 1287; Pope's Digest. See *Lake v. Combs*, 84 Ark. 21, 104 S. W. 544. Service was had upon both appellants,—on him in the original action and on her in the amended action.

But if we concede that the actions were improperly joined and that their failure to object did not waive the right, still the decree cannot now be set aside three and one-half years later, as they have not stated or offered to prove a meritorious defense to the action. *Sweet* v. *Nix,* 196 Ark. 284, 122 S. W. 2d 538; *Federal Land Bank* v. *Cottrell,* 197 Ark. 783, 126 S. W. 2d 279; *Minick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565.

Another argument is that J. R. Kendall being the trustee in the deed of trust securing the $200 note and a party to the suit, could not serve the summons on Mattie Christopher, which he did as deputy sheriff. But as we said in *Sweet* v. *Nix, supra,* "Appellants cannot question the service in the absence of a defense to the original action." This also disposes of other contentions made as to the service on each of them.

Appellants also contend that the notice of sale and the judgment on which such notice is based are insufficient. We fail to find where any such issue was raised in the pleadings or in the trial court, but if they were, they would be concluded by the decree of confirmation. Proof of publication of the notice of sale is also questioned because it was signed "W. M. Jones, Business Manager," instead of W. M. Jones, Manager. We think this form was in substantial compliance with § 8784, Pope's Digest. But if it be a fault, it was cured by confirmation. *Carpenter* v. *Zarbuck,* 74 Ark. 474, 86 S. W. 299.

The decree is correct and is, therefore, affirmed.