RAGLAND *v.* RHOADS.

4-8783                                                           219 S. W. 2d 639

Opinion delivered April 11, 1949.

Rehearing denied May 9, 1949.

*A. G. Meehan* and *G. B. Segraves, Jr.*, for appellant.

*Virgil R. Moncrief* and *John W. Moncrief*, for appellee.

HOLT, J.   January 22, 1946, appellant, H. S. Ragland, sued appellee, R. S. Rhoads, and Ray Allen Rhoads, in the Northern District of Arkansas county, to recover $1,263.65 for work and labor performed under an alleged oral contract for drilling a well, and pulling, and installing a pump from an old well.

February 1, 1946, separate summonses were issued for appellee and Ray Allen Rhoads. The sheriff's re-

turns show service on R. S. Rhoads February 1, 1946, and on Ray Allen Rhoads, a non-resident, by delivering a copy to R. S. Rhoads, father of Ray Allen. The returns did not show the district or county in which the alleged service was had.

Thereafter, February 26, 1946, appellee not having answered, or appeared, judgment by default was taken against R. S. Rhoads for the amount claimed. The complaint against Ray Allen Rhoads was dismissed.

December 19, 1947, R. S. Rhoads appeared specially, and without waiver of any rights or entry of appearance, filed motion to set aside the default judgment on the grounds that he had never been served with process, knew nothing of the filing of the suit against him, or its pendency, until in December, 1947, and that he had a good and valid defense, alleging that appellant contracted with him to construct, for appellee, a rice irrigation well, to produce, and warranted to produce, 600 to 700 gallons of water per minute; that appellant drilled well on land of appellee but it did not, and never would, produce 600 gallons of water per minute; that it never produced more than 300 gallons per minute, at irregular intervals, which was not practical; and that appellee was forced to abandon the well and make other provisions for irrigating his rice after appellant refused to comply with his contract. Appellee further alleged that he was, at the time the suit was filed, and is now, a resident of the Southern District of Arkansas county.

Appellee's motion was presented to the trial court April 30, 1948, and after the hearing on the issues presented, the court found, in effect: 1. That R. S. Rhoads had alleged and proved a *prima facie* defense. 2. That R. S. Rhoads had not been served with summons. 3. That R. S. Rhoads had no knowledge of the filing of the suit, prior to issuance of execution under default judgment sought to be set aside. 4. That R. S. Rhoads was a resident and citizen of the Southern District of Arkansas County on pertinent dates, and not a resident of Northern District at such times.

Accordingly, a decree was entered setting aside the judgment, quashing the service, dismissing appellant's

suit "for want of jursidiction without prejudice," and that the appellant take nothing thereby.

This appeal followed.

Appellee successfully sought to vacate and set aside the default judgment against him under the provisions of Ark. Stats., (1947), § 29-506, sub-division 7; *Hunton* v. *Euper,* 63 Ark. 323, 38 S. W. 517.

He was required to prove not only that he had not been served with summons, but also to produce sufficient evidence to make a *prima facie* showing of the truth, or existence, of a valid defense, and further that he did not have knowledge of the existence of the suit against him in time to make a defense.

We have many times announced the rules governing in cases such as the one now presented. We said in *C. A. Blanton Co.* v. *First National Bank of Marked Tree,* 175 Ark. 1107, 1 S. W. 2d 558: "This court is committed to the rule that 'one who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceedings in time to make a defense, in order to obtain relief.' *Fore* v. *Chenault,* 168 Ark. 747, 271 S. W. 704; *State* v. *Hill,* 50 Ark. 458, 8 S. W. 401; *Moore* v. *Price,* 101 Ark. 142, 141 S. W. 501; *Quigley* v. *Hammond,* 104 Ark. 449, 148 S. W. 275; *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575.

"A party against whom a judgment is rendered must show a meritorious defense in order to get the judgment set aside. *King* v. *Dickinson-Reed-Randerson Co.,* 168 Ark. 112, 269 S. W. 365; *Moreland* v. *Youngblood,* 157 Ark. 86, 247 S. W. 385; *Minick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565," and in *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17, 102 S. W. 711, we said:

"It would necessarily follow that, if the judgment could not be set aside upon motion or complaint, evidence must be heard by the court before it could adjudge that there is a valid defense. But, as the truth of the defenses are not finally tried in the proceedings to vacate

the judgment, enough evidence to make a *prima facie* showing of the truth or existence of the defenses would be sufficient to authorize the court to vacate the judgment." See, also, *O'Neal* v. *B. F. Goodrich Rubber Company,* 204 Ark. 371, 161 S. W. 2d 52.

Appellee testified positively that he had never been served with summons and knew nothing about the suit until some time in December, 1947. There was other evidence tending to corroborate appellee, and we think, when all the facts are considered, they were sufficient to support the court's finding that appellee had not been served and knew nothing about the suit in time to make his defense.

The evidence in support of appellee's alleged meritorious defense, which we do not detail, was, we think, sufficiently substantial to support the court's finding that a *prima facie* showing was made by appellee on this issue.

On the whole case, we conclude that the judgment should be and is affirmed.