JERMANY v. FOSTER.

4-9534                                          240 S. W. 2d 663

Opinion delivered June 18, 1951.

*Crumpler & Eckert* and *Melvin T. Chambers,* for appellant.

*McKay, McKay & Anderson,* for appellee.

HOLT, J.   October 14, 1941, appellant, Z. W. Jermany, executed his note to J. I. Phelps in the amount of $605, due October 1, 1942, with 10 per cent. interest.   As security, he executed, on the same date, deed of trust on the property here involved.   Appellant never paid anything on the note.   January 30, 1945, Phelps sold and assigned the note and deed of trust to appellee, R. S. Foster.

Foster, in May, 1945, brought foreclosure proceedings against appellant. Sale was had to Foster, approved, confirmed, and on November 12, 1945, Commissioner's deed was executed to him.

Foster, in 1950, executed a lease to the land for oil and gas, and thereafter on May 19, 1950, the present suit was filed by appellant in which he alleged, *inter alia,* that the foreclosure decree "did not affect the interest of this plaintiff (appellant) since he was not served with summons as required by law nor did he enter his appearance in said cause." His prayer was that he be allowed to redeem from the foreclosure decree, that title be quieted in him, for an accounting, and all equitable relief.

Appellees answered with a general denial. From a decree denying the relief prayed and dismissing appellant's cause for want of equity is this appeal.

The record reflects that appellant was proceeded against in the foreclosure decree as a nonresident and constructive service was attempted, and that no personal service was had.

Appellant says "the court never had jurisdiction of him in the foreclosure suit, and therefore no foreclosure of his right to redeem was ever had. * * * If the mortgagor is not a party to foreclosure, he has a right of redemption. He does not need to set the decree aside, as no point could be gained in that proceeding. His right is that of redemption only. He does not wish to defeat the debt."

Conceding, without deciding, that proper service was not had on appellant in the foreclosure proceedings, still appellant would not have the right to redeem merely because he was not properly served. That decree will not be vacated or set aside for the reason that it is undisputed that appellant did not allege, or attempt to show, a meritorious defense to the foreclosure decree.

"A decree rendered against a defendant without serving him with process will not be vacated without a showing of merit. It must appear that if the decree be

vacated the result upon another trial will probably be different. The right to vacate the decree is not a right of redemption." *Arkansas Mortgages* (Hughes), § 458, p. 385.

In support of the text, the case of *Horn* v. *Hull,* 169 Ark. 463, 275 S. W. 905, is cited, and in this case we said: "Appellants contend that there was not proper service upon them in the mortgage foreclosure proceedings, and on this account the chancery court should have set aside the decree of foreclosure and the sale thereunder. Conceding that no service was had upon appellants in that suit, they are not entitled to the relief sought. * * * It has been well said that infinite confusion and mischief would ensue if the rule were otherwise. No meritorious defense to the foreclosure proceedings is set up or attempted to be proved," and in *The Federal Land Bank of St. Louis* v. *Cottrell,* 197 Ark. 783, 126 S. W. 2d 279, we said:

"Moreover, there is no contention that the debt secured by the mortgage was not due and unpaid when the foreclosure decree was rendered, but it is contended that Marie Cottrell has the right to redeem, because she was not served with process. The recent case of *Sweet* v. *Nix,* 197 Ark. 284, 122 S. W. 2d 538, is against that contention. There a decree of foreclosure was rendered at a time when all the heirs of the deceased mortgagor were minors. The sufficiency of the service upon them was questioned, and the right to redeem was claimed upon the ground that the minors had not been properly served in the foreclosure suit. In that case, as in this, the bill to redeem was filed after the expiration of the term of court at which the foreclosure decree had been rendered. It was there said: 'Not only is there no valid defense shown to the foreclosure action, but none is attempted to be alleged or stated in the complaint herein. Numerous cases might be cited to the effect that failure to allege a meritorious defense to an action in which the judgment or decree sought to be set aside was rendered is fatal to the action. Some of the later cases are: *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S. W. 308; *Horn* v. *Hull,* 169 Ark. 463,

275 S. W. 905; *Adams* v. *Mitchell*, 189 Ark. 696, 74 S. W. 2d 969. In the last cited case it was held that before a defendant may question the service upon which a judgment was rendered he must show the existence of a defense to the suit which terminated in the judgment.'

"In stating the reason for this rule it was said: ' * * * Courts should not be required to do vain and useless things, and it would be a vain and useless thing to set aside a judgment to which there was no defense and the same result would necessarily follow on a new trial.' "

As indicated, the present suit was filed approximately five years after the foreclosure decree and the deed to Foster, long after the expiration of the term of court at which the foreclosure decree had been rendered.

Affirmed.